JANE DOE
[*Contact Information Subject to Motion for Leave to File Under Seal*]

Plaintiff

**EMERGENCY MOTION TO PROCEED UNDER PSEUDONM**

OCT 26 PM 1:19

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**(Western Division - Springfield)**

----oo0oo----

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVID A. LOWY, in his official capacity as General Counsel of the University of Massachusetts; TIMOTHY A. RUCKI, in his official capacity as Associate Counsel for the University of Massachusetts; JEREMY M. FORGUE, in his official capacity as Executive Director of Human Resources for Administration and Finance at the University of Massachusetts Amherst; ANN KOSTEK, in her official capacity as Human Resources Business Partner for the University of Massachusetts Amherst; SUNILA THOMAS | Case No. ________________<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO SUBMIT IDENTIFYING INFORMATION UNDER SEAL** |

GEORGE, in her official capacity as Chair and Commissioner of the Massachusetts Commission Against Discrimination; ANDREW ESPINOSA, in his official capacity as Deputy Chief of Investigations of the Massachusetts Commission Against Discrimination; ANDREW M. BERTHIAUME, in his official capacity as Investigator for the Massachusetts Commission Against Discrimination; LILA L. ROBERTS, in her official capacity as Chief of Investigations of the Massachusetts Commission Against Discrimination;

Defendants.

----oo0oo----

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO SUBMIT IDENTIFYING INFORMATION UNDER SEAL**

Plaintiff JANE DOE respectfully moves this Court for leave to proceed under pseudonym and to submit her true identity and personal contact information under seal.

1. Plaintiff is a Black woman, permanently disabled Ph.D. candidate, with medically diagnosed post-traumatic stress disorder ("PTSD"). Her Verified Complaint involves highly sensitive disability-related medical records, sexual harassment, alleged bribery by a public university official, attempted extortion, alleged misconduct involving

university faculty and confidential documents, and retaliation threatening her educational, professional, and prospective economic opportunities.

2. Public disclosure of Plaintiff's identity would associate her permanently with intimate medical information, sexual harassment allegations, and allegations of serious misconduct by identifiable university officials. Plaintiff reasonably fears that compelled identification would aggravate her medically diagnosed PTSD, expose her to further retaliation, and cause serious injury to her remaining doctoral education and future professional opportunities.

(3) The First Circuit recognizes pseudonymous litigation in exceptional cases involving unusually severe psychological injury, sensitive personal information, and proceedings subject to confidentiality protections. (*Doe v. Massachusetts Institute of Technology* (1st Cir. 2022) 46 F.4th 61, 70-73.) The First Circuit further held that "[c]onfidentiality is an important aspect" of the federal protections attending Title IX proceedings and recognized that "federal law aims to keep such proceedings largely under wraps." (*Id.*, at pp. 74-75.) The District of Massachusetts has permitted pseudonymous litigation involving university proceedings and protected student information. (*Smith v. Bentley University* (D. Mass., January 26, 2026) Civil Action No. 25-CV-12317-AK.) In a university proceeding involving sexual harassment allegations and confidential student information, the

District of Massachusetts granted pseudonymous protection, holding that "[f]inally, Doe's Title IX proceedings should be treated as confidential, and naming him here would remove that confidentiality." (*Doe v. Trustees of Boston College* (D. Mass., February 27, 2024) Civil Action No. 23-cv-12737-ADB, ECF No. 16, p. 5.) Plaintiff's underlying complaints likewise involve sexual harassment allegations, confidential disability-related medical information, and her continuing doctoral education. Public disclosure of Plaintiff's identity would defeat the confidentiality interests for which she seeks protection.

(4) The First Circuit recognizes pseudonymous litigation in exceptional cases involving unusually severe psychological injury, sensitive personal information, and proceedings subject to confidentiality protections. (*Doe v. Massachusetts Institute of Technology* (1st Cir. 2022) 46 F.4th 61, 70-73.) The District of Massachusetts has permitted pseudonymous litigation involving university proceedings and protected student information. (*Smith v. Bentley University* (D. Mass., Jan. 26, 2026) Civil Action No. 25-CV-12317-AK.)

(5) Plaintiff seeks no exemption from disclosing her identity to the Court. She requests only protection against public identification, with her true identity and contact information submitted through an authorized confidential procedure and disclosed to Defendants' counsel under appropriate protective conditions. This narrowly tailored relief protects Plaintiff's constitutional right to seek

judicial redress without unnecessary disclosure of sensitive medical and personal information.

**PRAYER FOR RELIEF**

Plaintiff, JANE DOE respectfully requests that this Court GRANT leave to proceed as JANE DOE; authorize confidential submission of her true identity, residential address, mailing address, telephone number, and email address; prohibit public disclosure of identifying information absent further Court order; and permit Plaintiff's emergency Rule 65(b) proceedings to proceed under pseudonym.

Dated: October 26, 2026 Respectfully submitted,

Jane Doe

Jane Doe, Plaintiff
Original Signature on File