JANE DOE
[*Contact Information Subject to Motion for Leave to File Under Seal*]

Plaintiff

**REQUEST FOR EMERGENCY TEMPORARY RESTRAINING ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 65(b)**

OCT 26 PM 1:19

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**(Western Division - Springfield)**

----oo0oo----

JANE DOE, an individual,

Plaintiff,

v.

DAVID A. LOWY, in his official capacity as General Counsel of the University of Massachusetts; TIMOTHY A. RUCKI, in his official capacity as Associate Counsel for the University of Massachusetts; JEREMY M. FORGUE, in his official capacity as Executive Director of Human Resources for Administration and Finance at the University of Massachusetts Amherst; ANN KOSTEK, in her official capacity as Human Resources Business Partner for the University of Massachusetts Amherst; SUNILA THOMAS GEORGE, in her official

Case No. ____________________

**VERIFIED COMPLAINT FOR PROSPECTIVE INJUNCTIVE RELIEF FROM ONGOING DEPRIVATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW:**

1. **AMEND. I, U.S. CONST — Deprivation of Freedom of Speech and Right to Petition for Redress of Grievances (42 U.S.C. § 1983);**
2. **AMEND. XIV, U.S. CONST. — Deprivation of Procedural Due Process and Equal Protection of the Laws (42 U.S.C. § 1983);**
3. **CONSPIRACY - to Deprive Plaintiff of First Amendment Rights to Freedom of Speech and to Petition the Government for Redress of Grievances (42 U.S.C. § 1985(3));**

capacity as Chair and Commissioner of the Massachusetts Commission Against Discrimination; ANDREW ESPINOSA, in his official capacity as Deputy Chief of Investigations of the Massachusetts Commission Against Discrimination; ANDREW M. BERTHIAUME, in his official capacity as Investigator for the Massachusetts Commission Against Discrimination; LILA L. ROBERTS, in her official capacity as Chief of Investigations of the Massachusetts Commission Against Discrimination;

Defendants.

4. **CONSPIRACY - to Deprive Plaintiff of Fourteenth Amendment Rights to Due Process of Law and Equal Protection of the Laws (42 U.S.C. § 1985(3)).**

**And for:**

1. **TEMPORARY RESTRAINING ORDER** *Federal Rule of Civil Procedure 65(b);*
2. **PRELIMINARY INJUNCTIVE RELIEF** *Federal Rule of Civil Procedure 65(a);*
3. **PERMANENT PROSPECTIVE INJUNCTIVE RELIEF** *42 U.S.C. § 1983.*

////

## COMPLAINT

**COMES NOW** JANE DOE ("Plaintiff") in the above-entitled action against DAVID A. LOWY, in his official capacity as General Counsel of the University of Massachusetts; TIMOTHY A. RUCKI, in his official capacity as Associate Counsel for the University of Massachusetts; JEREMY M. FORGUE, in his official capacity as Executive Director of Human Resources for Administration and Finance at the University of Massachusetts Amherst; ANN KOSTEK, in her official capacity as Human Resources Business Partner for the University of Massachusetts Amherst; SUNILA THOMAS GEORGE, in her official capacity as Chair and Commissioner of the Massachusetts Commission Against Discrimination; ANDREW ESPINOSA, in his official capacity as Deputy Chief of Investigations of the Massachusetts Commission Against Discrimination; ANDREW M. BERTHIAUME, in his official capacity as Investigator for the Massachusetts Commission Against Discrimination; and LILA L. ROBERTS, in her official capacity as Chief of Investigations of the Massachusetts Commission Against Discrimination (collectively, "Defendants"), and brings this Verified Complaint for prospective injunctive relief from ongoing deprivations of Plaintiff's federal constitutional rights under color of state law, including rights secured by the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, and from an ongoing conspiracy to deprive Plaintiff of equal protection of the laws pursuant to 42 U.S.C. § 1985(3). Plaintiff seeks a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b); Preliminary Injunctive Relief pursuant to Fed. R. Civ. P. 65(a); and Permanent Prospective Injunctive Relief pursuant to 42 U.S.C. § 1983, and alleges as follows:

## I. Background Summary

1. Plaintiff JANE DOE ("Plaintiff") brings this emergency federal civil rights action against Defendants David A. Lowy, Timothy A. Rucki, Jeremy M. Forgue, Ann Kostek, Sunila Thomas George, Andrew Espinosa, Andrew M. Berthiaume, and Lila L. Roberts, exclusively in their official capacities, to enjoin Defendants' continuing violations of her First Amendment rights to freedom of speech and to petition the government for redress of grievances, and to enjoin Defendants' continuing deprivation of Plaintiff's Fourteenth Amendment rights to due process of law and equal protection of the laws. Plaintiff alleges Defendants acted under color of state law and conspired to deprive her of constitutional rights by secretly expunging nine individually named Respondents from her MCAD Complaint and illegally failing and refusing to provide Plaintiff notice or an opportunity to be heard; concealing their illegal removal from the MCAD Complaint; illegally assigning the legal defense of all ten Respondents to nonlawyer Ann Kostek; unlawfully appointing Kostek as a Duly Authorized Representative without written authorization from any Respondent; continuously aiding and abetting Kostek's unlawful practice of law;[1] acknowledging

---

[1] Defendants David A. Lowy, Timothy A. Rucki, and Jeremy M. Forgue knew they would be held professionally accountable for advancing legal arguments defending the unlawful conduct of the nine individual Respondents in the MCAD investigation. To evade disciplinary scrutiny by the Massachusetts Board of Bar Overseers, Lowy, Rucki, and Forgue illegally transferred the entire legal representation

and relying on Kostek's illegal 26-page purported Position Statement for all 10 Respondents; obstructing Plaintiff's formal objections and demands for corrective action; and unlawfully terminating the formal MCAD investigation before Plaintiff's extended rebuttal deadline, thereby violating Plaintiff's First Amendment rights to freedom of speech and to petition the government for redress of grievances and depriving her of Fourteenth Amendment rights to due process of law and equal protection of the laws, in violation of 42 U.S.C. sections 1983 and 1985(3). The Defendants act individually and in concert with each other, inflicting continuous extreme deprivations of Plaintiff's federal constitutional rights. These continuing violations inflict irreparable constitutional injury requiring immediate

---

...of UMass Amherst and its nine individual Respondents to Defendant Ann Kostek, a nonlawyer Human Resources employee under Forgue's supervision and over whom the Board has no disciplinary jurisdiction. Lowy, Rucki, and Forgue enabled Kostek's unlawful practice of law to circumvent their professional duties of truthfulness and candor toward the MCAD tribunal. In other words, attorneys David A. Lowy, Timothy A. Rucki, and Jeremy M. Forgue acted in bad faith at the outset and continue to act in bad faith to deprive Plaintiff of her First Amendment rights to freedom of speech and to petition the government for redress of grievances, and her Fourteenth Amendment rights to due process of law and equal protection of the laws, constituting current and future irreparable constitutional injury. Their deliberate transfer of legal representation did not relieve any of these three attorneys of his professional responsibilities under Rules 5.3 and 5.5 of the Massachusetts Rules of Professional Conduct.

prospective injunctive relief.[2]

2. On August 1, 2025, Plaintiff's Title IX Advisor submitted a sworn Complaint Affidavit identifying the University of Massachusetts Amherst ("UMass Amherst") and nine individually named Respondents and alleging racial segregation, disability discrimination, denial of disability accommodations, retaliation, bribery, attempted extortion, threats, intimidation, and coercion. The Affidavit identified Dean Michael A. Fox's authority over Plaintiff's doctoral education and Stockbridge Stables and alleged Fox used his institutional authority, threats, coercion, bribery, and attempted extortion to pressure

---

[2] The Supreme Court recognized the irreparable nature of threatened and ongoing First Amendment violations, holding: "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (*Elrod v. Burns* (1976) 427 U.S. 347, 373.) The First Circuit applied *Elrod* and held that irreparable injury is presumed upon a showing of likelihood of success on a First Amendment claim. (*Sindicato Puertorriqueño de Trabajadores v. Fortuño* (1st Cir. 2012) 699 F.3d 1, 11, 15.) The district court in *Associated General Contractors of California, Inc. v. City & County of San Francisco* (N.D.Cal. 1990) 748 F.Supp. 1443, 1447, recognized the fundamental importance of equitable relief for constitutional deprivations, quoting *Gour v. Morse* (D.Vt. 1987) 652 F.Supp. 1166: "Injury from their deprivation is almost by definition irreparable." The Ninth Circuit likewise affirmed preliminary injunctive relief where constitutionally deficient governmental procedures threatened continuing deprivation of due process, recognizing that likely unconstitutional deprivation of protected liberty established irreparable injury. (*Hernandez v. Sessions* (9th Cir. 2017) 872 F.3d 976, 994-995.)

Plaintiff into relinquishing her rights. [Sealed, Plaintiff's DAR Decl., Complaint Affidavit of [REDACTED] for ADA, Title IX, and Civil Rights Violations, pp. 3-7, Aug. 1, 2025, Ex. 1.]

3. On August 12, 2025, Plaintiff filed her Verified Complaint with the Massachusetts Commission Against Discrimination ("MCAD"), Docket No. 25SPA02929, asserting violations of her federal and Massachusetts civil rights arising from racial segregation, discrimination based on race and disability, sex discrimination, sexual harassment, denial of reasonable disability accommodations, unequal access to publicly funded University facilities and educational programs, retaliation, threats, intimidation, coercion, bribery, and attempted extortion. Plaintiff's August 1, 2025 sworn Complaint Affidavit specifically alleged racial discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, through UMass Amherst's operation of a federally funded equine program providing white female boarders Full Boarding services at little or no cost while excluding Plaintiff, a disabled Black female doctoral candidate and University employee, from those same benefits and charging her more than $1,800 per month. Plaintiff alleged disability discrimination and denial of reasonable accommodations in violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132, through the repeated refusal of University officials to provide the Full Boarding services and mobility accommodations required by

her disabilities; revocation of existing accommodations; denial of access to equipment available to white boarders; and retaliation, threats, intimidation, and coercion directed at Plaintiff for requesting and enforcing her disability rights, conduct additionally implicating the ADA's anti-retaliation and anti-interference provisions, 42 U.S.C. § 12203. Plaintiff further alleged sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), including Dean Michael A. Fox's use of his authority over Plaintiff's doctoral education to threaten her academic standing, pressure her to relinquish her accommodations, and induce her departure from Stockbridge Stables through bribery and attempted extortion; Plaintiff's subsequent sworn submissions additionally documented sexual harassment, unwanted contact, and intimidation by Robert J. Skalbite. Plaintiff's allegations also implicated Massachusetts General Laws chapter 272, § 98, prohibiting discrimination based on race, color, sex, and disability in the full and equal enjoyment of public accommodations, and Massachusetts General Laws chapter 151B, prohibiting unlawful discrimination, retaliation for opposing discriminatory practices, interference with protected rights, and aiding and abetting prohibited discriminatory conduct. Plaintiff's Complaint and supporting affidavits identified UMass Amherst and nine individual Respondents: Michael A. Fox, Kerri Thompson Tillett, Karen Moré, Timothy A. Rucki, James "Jim" Barna, Shao Yu "Dora" Tseng, Jacqueline Deiana,

Robert J. Skalbite, and Hannah Lydotes. These were Plaintiff's underlying civil rights allegations against the University and its officials, including serious allegations of sexual harassment and disability discrimination against individuals MCAD subsequently secretly expunged from the formal investigation. [Sealed, Complaint Affidavit, pp. 2-8, Ex. 1; MCAD Electronic Filing Confirmation, p. 1, Aug. 12, 2025, Ex. 2.]

4. Defendant Andrew Espinosa secretly expunged nine individually named Respondents from Plaintiff's official MCAD investigation without providing Plaintiff written notice, serving an amended Complaint or order, or affording Plaintiff an opportunity to contest their removal. Plaintiff alleges Espinosa removed all nine individuals leaving UMass Amherst as the sole Respondent in the operative MCAD filing. MCAD concealed the expungement from Plaintiff while proceeding with the formal investigation and later accepting purported factual and legal defenses concerning the same nine individuals. Plaintiff alleges Espinosa exercised official state authority to deprive her of meaningful notice and an opportunity to challenge the removal of persons she had specifically accused of violating her civil rights.

5. Espinosa's secret expungement was especially egregious because Plaintiff accused Fox and Skalbite of sexual harassment and additionally accused Fox of bribery by a public official and attempted extortion. Plaintiff accused Skalbite of continuing sexual harassment,

intimidation, and unwanted contact. Plaintiff accused Fox of using his authority over her doctoral education and access to University facilities to threaten, intimidate, and coerce her into leaving Stockbridge Stables and relinquishing her rights. Plaintiff further alleges Fox offered her $20,000 to coerce her into surrendering her lawful access to Stockbridge Stables and relinquishing her protected rights, which Plaintiff rejected as a bribe. Espinosa's secret expungement shielded Fox and Skalbite from answering Plaintiff's allegations individually in the formal MCAD investigation (Complaint Affidavit, pp. 5-7, Ex. 1), while MCAD relied on their defenses later asserted in an illegal purported Position Statement.

6. Espinosa's secret expungement deprived Plaintiff of the mandatory notice and service protections required by MCAD's regulations. The regulations in effect during intake required MCAD to serve amendments or orders permitting amendments and to notify all parties of any substitution, joinder, or amendment of parties. (804 CMR §§ 1.04(9)(a), 1.15(2) (2020).) Espinosa provided Plaintiff no notice identifying the nine removed Respondents, no written amendment or order reflecting their removal, and no opportunity to object before MCAD proceeded upon the illegally altered Complaint. Plaintiff alleges Espinosa's exercise of state authority impaired her protected interest in pursuing her timely filed civil rights claims without constitutionally adequate notice and an opportunity to be heard. (*Logan v. Zimmerman Brush Co.* (1982) 455 U.S. 422,

428-437; *Mathews v. Eldridge* (1976) 424 U.S. 319, 333-335.)

7. On March 13, 2026, MCAD authorized Plaintiff's Complaint for formal investigation and notified UMass Amherst of its obligation to file a Position Statement. MCAD directed what was now the only Respondent to answer Plaintiff's allegations, preserve relevant evidence, and sign its Position Statement under the pains and penalties of perjury. MCAD further warned that failure to file a Position Statement could result in sanctions under its investigative default procedures. [Sealed, Plaintiff's DAR Decl., MCAD Supplemental Investigative File 2, Notice of Formal Investigation, pp. 3-4, March 13, 2026, Ex. 3.]

8. Jeremy M. Forgue ("Forgue") is an attorney and Executive Director of Human Resources for Administration and Finance at the University of Massachusetts Amherst. On March 24, 2026, Forgue submitted a request through the MCAD Case Portal asking: "*Can an alternate point of contact be created,*" explaining, "*I am not the individual who is supposed to provide a response on behalf of the University. This is not an attorney, but an employee from human resources. They are Ann Kostek.*" Forgue identified Kostek as a nonlawyer and requested only her designation as "alternate point of contact" not her appointment as a Duly Authorized Representative before MCAD. Forgue does not identify authorization from UMass Amherst or any of the nine individual Respondents, or submit a written appointment authorizing Kostek to undertake their legal representation. [Sealed, Plaintiff's DAR Decl., Forgue's MCAD Request, p. 7, March 24, 2026, Ex. 3.]

9. The contemporaneous record establishes documented academic connections among Defendants Timothy A. Rucki, Jeremy M. Forgue, and Andrew M. Berthiaume at Western New England University School of Law. Rucki and Forgue served together on the editorial board of the *Western New England Law Review* during the 2017-2018 academic year, while Berthiaume attended the same law school beginning in 2018.[3] Plaintiff previously identified the law-school connection between Rucki and Berthiaume in her August 17, 2026 formal MCAD objections and demanded disclosure of any prior academic, professional, or personal relationship. Upon information and belief, Plaintiff alleges that these documented affiliations constitute a conflict of interest affecting the impartiality of Plaintiff's MCAD investigation and UMass Amherst's handling of her Title IX, ADA, and Civil Rights complaints.

10. On March 24, 2026, Forgue submitted his administrative request through the MCAD Case Portal seeking to designate Kostek as an alternate point of contact for UMass Amherst. On March 25, 2026, Berthiaume responded: "*I have contacted MCAD IT and requested that they input Ann Kostek as the point of contact for Respondent.*" Neither

[3] Western New England University School of Law, *Western New England Law Review*, Volume 40, 2017-2018, Official Editorial Board Masthead (identifying Timothy A. Rucki as an Online Content Editor and Jeremy M. Forgue as a Production Editor). Andrew Berthiaume's contemporaneous attendance at Western New England University School of Law is documented in the June 27, 2018 Hampden County Bar Association Scholarship Announcement, identifying Berthiaume as a law student at that institution.

of these communications requested or authorized Kostek to undertake legal representation for UMass Amherst or any individual Respondent. On June 15, 2026, Berthiaume exceeded the administrative designation and informed Kostek: "*I have reopened the task to submit the Position Statement. I have also added you onto the case as a Duly Authorized Representative.*" Kostek subsequently filed her 26-page illegal purported Position Statement asserting factual and legal defenses for UMass Amherst and nine individual Respondents without a written appointment from any of them.

(11) Attorney Jeremy M. Forgue, Executive Director of Human Resources for Administration and Finance at UMass Amherst, illegally assigned the University's legal defense of Plaintiff's MCAD Complaint to Defendant Ann Kostek, a nonlawyer employee within his department. Forgue had actual knowledge that Ann Kostek was not an attorney when he requested her designation as an alternate point of contact on March 24, 2026. Nevertheless, Kostek assumed responsibility for the legal defense of UMass Amherst and nine individual Respondents, prepared and filed a 26-page illegal purported Position Statement on behalf of all 10 Respondents, asserted factual and legal defenses, reserved their legal rights, and requested dismissal of Plaintiff's civil rights Complaint in its entirety. None of the 10 Respondents filed written authorization appointing Kostek to undertake their legal representation, and no University attorney signed her filing, including her immediate

supervisor, Attorney Jeremy M. Forgue. Forgue's illegal assignment placed the legal defense of 10 Respondents in the hands of a nonlawyer within his own department after the legal issues were already being handled by attorney Timothy Rucki, resulting in Kostek's unlawful practice of law and the continuous aiding and abetting of her unlawful practice of law by University of Massachusetts employees David A. Lowy, Timothy A. Rucki, and Jeremy M. Forgue moving forward in the formal MCAD investigation.

(12) On June 12, 2026, Kostek privately requested access to Plaintiff's MCAD case so she could upload UMass Amherst's Position Statement. By granting Kostek access to the case, Berthiaume also granted her access to Plaintiff's confidential medical records without Plaintiff's knowledge or consent. Kostek informed Berthiaume that she had registered for the MCAD Case Portal but could not access the case and asked him to assign it to her. [Sealed, Plaintiff's DAR Decl., Kostek's Email Requesting MCAD Case Assignment, p. 81, June 12, 2026, Ex. 3.]

(13) On June 15, 2026, MCAD issued two materially false official notices attributing Kostek's appointment as DAR to UMass Amherst. The first notice informed Plaintiff: "UMASS-Amherst has appointed Ann Kostek to be their duly authorized representative ('DAR') in the above-referenced case." The second informed Kostek: "You have been appointed by UMASS-Amherst to be their duly authorized representative ('DAR') in the above-referenced MCAD case." Neither notice identified any written appointment executed by UMass

Amherst. [Sealed, Plaintiff's DAR Decl., MCAD Notices of DAR Appointment, pp. 88-89, June 15, 2026, Ex. 3.]

(14) On June 15, 2026, Berthiaume personally informed Kostek: "I have reopened the task to submit the Position Statement. I have also added you onto the case as a Duly Authorized Representative." Berthiaume's written admission identifies him as the official who added Kostek as DAR. UMass Amherst had requested only an alternate administrative point of contact. Plaintiff alleges Berthiaume possessed no authority from UMass Amherst or any of the nine individual Respondents to appoint Kostek to represent them, and MCAD's official notices falsely attributed his act to UMass Amherst. [Berthiaume's DAR Email, p. 91, Ex. 3.]

(15) On June 15, 2026, Kostek used Berthiaume's illegal purported appointment to file and affirm a 26-page illegal purported Position Statement asserting factual and legal defenses on behalf of ten Respondents. Kostek, a nonlawyer Human Resources employee who was not a Respondent named in Plaintiff's Verified Complaint, purported to answer Plaintiff's allegations, reserved legal rights, and requested dismissal of Plaintiff's Complaint in its entirety. Kostek alone signed and affirmed the document under the pains and penalties of perjury. Neither UMass Amherst nor any of the nine individually named Respondents filed written authorization appointing Kostek as DAR. Moreover, no attorney signed her illegal document. Plaintiff alleges Kostek's representation of 10 Respondents

constitutes the unlawful practice of law prohibited by Massachusetts General Laws chapter 221, § 46A. [Sealed, Plaintiff's DAR Decl., Ann Kostek's Purported Position Statement, pp. 1-2, 25-26, June 15, 2026, Ex. 4.]

(16) Kostek's illegal purported Position Statement asserted no jurisdictional defense and no statute of limitations defense. She does not argue that MCAD lacked jurisdiction. Nor does she invoke G. L. c 151C, or request dismissal under its six month filing period. [Kostek Position Statement, pp. 12-15, 25-26, Ex. 4.] Section 1.05(8)(d)(1) of 804 CMR requires a Position Statement to identify the jurisdictional and other defenses the Respondent wished to raise and to contain the required sworn affirmation. More importantly, "[i]f a respondent is represented by an attorney, the position statement shall also be signed by respondent's attorney." (*Id.* , ¶ (d)(2).) No attorney signed Kostek's illegal purported Position Statement. It is void *ab initio*.

(17) Effective June 19, 2026, MCAD's revised regulations specifically identified removal of Respondents as an amendment to a Complaint. 804 CMR § 1.04(9)(a) requires Commission initiated amendments to be made in writing and served upon each party and section 1.15(3) required MCAD to notify all parties of any amendment of parties. Section 1.15(13) further requires written authorization filed by a party before a DAR undertook representation. MCAD nevertheless continues upholding Espinosa's secret expungement without a written amendment

or notice to Plaintiff and continues recognizing Kostek's illegal purported representation of 10 Respondents absent written authorization from any of the parties she purports to represent.

(18) On August 11, 2026, Plaintiff's DAR filed a Consolidated Request for Notices of Consequences and Investigative Defaults against the nine individually named Respondents who had not filed individual Position Statements. Plaintiff identified each Respondent, challenged the absence of signed and affirmed individual responses, and demanded enforcement of MCAD's response requirements under 804 CMR sections 1.05 and 1.07. On August 12, 2026, Plaintiff's DAR transmitted the Request to MCAD and University officials. [Sealed, Plaintiff's DAR Decl., Complainant's Consolidated Request for Notices of Consequences and Investigative Defaults, pp. 1-4, August 11, 2026, Ex. 5.]

(19) On August 13, 2026, Berthiaume disclosed for the first time that MCAD had "purposefully excluded" the nine individually named Respondents during intake. In a private email to Plaintiff's DAR, Berthiaume acknowledged the nine individuals appeared in Plaintiff's initial Complaint but were absent from the final Complaint MCAD processed. Berthiaume stated an unidentified Advisor informed him of MCAD's intake decision and that Notices of Consequences would not issue. [Sealed, Plaintiff's DAR Decl., Berthiaume's Private Email Disclosing the Removal of Nine Respondents, p. 150, August 13, 2026, Ex. 3.]

(20) In an email sent just minutes later, Berthiaume informed the parties: "*The party named (UMASS-Amherst) in the official MCAD filing is the correct party. At this time, a Notice of Consequence will not be issued.*" Berthiaume identified no written amendment, order, or prior notice to Plaintiff authorizing removal of the nine Respondents. Rather than correct MCAD's secret expungement, Berthiaume directed Plaintiff toward a new amendment procedure to reinstate individuals previously identified in her sworn allegations. [Sealed, Plaintiff's DAR Decl., Berthiaume's Email to the Parties Refusing Notices of Consequences, p. 154, August 13, 2026, Ex. 3.] Berthiaume knew MCAD had purposefully excluded the nine Respondents without notifying Plaintiff, yet attempted to shift responsibility for correcting MCAD's unlawful act onto Plaintiff by directing her to amend a Complaint from which MCAD itself had secretly removed the Respondents. Section 1.04(8)(b) of 804 CMR requires amendments adding Respondents to relate back to the original filing date. Berthiaume nevertheless attempted to transform MCAD's secret expungement into Plaintiff's purported failure to name the nine Respondents, creating a false procedural basis for challenging the timeliness of claims Plaintiff had already asserted. Plaintiff alleges Berthiaume deliberately sought to manufacture a jurisdictional defect from MCAD's own unlawful conduct, exposing her timely filed civil rights claims to dismissal while protecting UMass Amherst and its nine individually named Respondents from

answering Plaintiff's allegations. Berthiaume's continuing enforcement of Espinosa's secret expungement perpetuates the deprivation of Plaintiff's Fourteenth Amendment rights to procedural due process, including notice and a meaningful opportunity to be heard, and obstructs her First Amendment right to petition the government for redress of grievances.

(21) On August 17, 2026, Plaintiff formally challenged MCAD's secret expungement, the deprivation of notice and an opportunity to be heard, and Ann Kostek's blatantly illegal representation of the removed Respondents. Plaintiff's DAR submitted Formal Objections and an Emergency Motion to Stay directed to Defendant Sunila Thomas George and the MCAD Commissioners. Plaintiff demanded MCAD reinstate the nine Respondents, correct the official investigative record, and identify the alleged legal grounds for removing the nine named Respondents in the first place. Plaintiff further objected to MCAD accepting purported defenses asserted by Kostek for individuals who had never authorized her to represent them. [Sealed, Plaintiff's DAR Decl., Complainant's Formal Objection to MCAD's Undisclosed Removal of Nine Respondents and Emergency Motion to Stay, pp. 2-7, 19-24, August 17, 2026, Ex. 6.]

(22) On August 20, 2026, MCAD Clerk Theresa Lepore notified Plaintiff's DAR that MCAD had rejected Plaintiff's August 17, 2026 motion and accompanying objections for filing and instructed him to use the Case Portal's request procedure. Plaintiff's DAR subsequently requested the

identity of the Advisor Berthiaume had consulted concerning the nine Respondents. Ms. Lepore replied: "*I believe that would be his supervisor. His supervisor is Andrew Espinosa.*" Ms. Lepore identified Espinosa as Berthiaume's supervisor and the person she believed was the Advisor he had consulted. Plaintiff alleges Espinosa was responsible for the secret expungement and continues enforcing its illegal consequences on Plaintiff after she demanded corrective action. [Sealed, Plaintiff's DAR Decl., Theresa Lepore's Correspondence Concerning Plaintiff's Formal Objections and Andrew Espinosa, pp. 163-169, August 20, 2026, Ex. 3.]

(23) On August 25, 2026, Plaintiff's DAR formally exposed Kostek's unlawful practice of law, her illegal representation of 10 Respondents, and MCAD's ongoing acknowledgment of her illegal purported Position Statement. Plaintiff submitted an Emergency Motion to Strike Kostek's filing, expunge her other unlawful submissions, correct the official investigative record, and prohibit Kostek's continued participation in the proceedings. In support of the motion, Plaintiff identified the absence of written authorization from every Respondent, and Defendants Lowy's and Rucki's continuing failure to stop Kostek's unlawful practice of law. Plaintiff vehemently demanded that the tainted corrupted record be corrected before MCAD acted upon the merits of Plaintiff's claims. [Sealed, Plaintiff's DAR Decl., Complainant's Emergency Motion to Strike Ann Kostek's Purported Position Statement, pp. 1-4, August 25, 2026, Ex. 7.]

(24) On August 26, 2026, Berthiaume rejected Plaintiff's Emergency Motion to Strike, stating: "*I will take this request under consideration as I proceed with the investigation, but it is DENIED at this time.*" Berthiaume continues processing the investigation without requiring Kostek to establish an appointment from any Respondent. [Sealed, Plaintiff's DAR Decl., MCAD Denial of Emergency Motion to Strike, p. 179, August 26, 2026, Ex. 3.]

(25) On August 27, 2026, MCAD granted Plaintiff an extension through September 26, 2026, at 5:00 p.m. Eastern Time to submit her rebuttal concerning Kostek's illegal participation in the investigation. MCAD's written notice confirmed: "This extension has been GRANTED. The new deadline to submit the rebuttal is 09/26/2026 05:00 PM EDT." [Sealed, Plaintiff's DAR Decl., MCAD Notice Granting Plaintiff's Rebuttal Extension, p. 188, August 27, 2026, Ex. 3.]

(26) On September 14, 2026, MCAD again confirmed Plaintiff's September 26, 2026 rebuttal deadline, then notified her of dismissal minutes later. At 1:55 p.m., MCAD issued a reminder stating Plaintiff's rebuttal remained due September 26, 2026, at 5:00 p.m. Eastern Time. At 1:59 p.m., MCAD issued a dismissal notice stating Plaintiff's Complaint had been dismissed and advising her of administrative appeal rights. [Sealed, Plaintiff's DAR Decl., MCAD Rebuttal Deadline Reminder and Dismissal Notice, pp. 198, 200, September 14, 2026, Ex. 3.] MCAD's own notices thus documented an unexpired rebuttal deadline and a dismissal issued four minutes after the reminder.

(27) Defendant Lila L. Roberts retaliated against Plaintiff by issuing her September 14, 2026 purported "LACK OF JURISDICTION FINDING" after Plaintiff exposed Espinosa's, Berthiaume's, and Kostek's unlawful acts, formally challenged MCAD's unlawful conduct, and demanded immediate vacatur of Espinosa's secret expungement and Berthiaume's illegal appointment of Kostek as DAR, reinstatement of the nine secretly expunged Respondents, expungement of Kostek's illegal filings, and termination of further reliance upon the corrupted official investigative record. From August 12, 2025, through September 13, 2026, MCAD had raised no jurisdictional objection to Plaintiff's civil rights Complaint. No Respondent had asserted the jurisdictional or statute of limitations defenses Roberts subsequently falsified on the corrupted record. Roberts independently applied M. G. L. c. 151C, imposed a six-month filing period Kostek never argued, rejected Plaintiff's disability discrimination claims, and terminated the investigation twelve days before Plaintiff's authorized rebuttal deadline. Roberts simultaneously adopted Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement," notwithstanding the absence of a lawful appointment filed by UMass Amherst or any of the nine individually named Respondents. [Sealed, Plaintiff's DAR Decl., Lack of Jurisdiction Finding, pp. 1-2, September 14, 2026, Ex. 8.]

(28) Roberts further disclosed Plaintiff's confidential disability related medical information without Plaintiff's

knowledge, consent, or authorization. Plaintiff alleges that Roberts's unlawful disclosure compounded her injuries and subjected her protected medical information to further dissemination through MCAD's official pubic-facing record. [Finding, p. 1, Ex. 8.]

(29) On September 14, 2026, MCAD also disclosed Supplemental Investigative File 2, revealing Berthiaume's previously concealed ex parte communications with Forgue and Kostek. Plaintiff first obtained the investigative correspondence establishing Berthiaume's personal role in Kostek's purported DAR appointment on the same date Roberts issued her fraudulent Finding. [MCAD Supplemental Investigative File 2, pp. 7, 9, 88-91, Ex. 3.] MCAD had possessed the correspondence all while Plaintiff challenged the corrupted record, unlawful practice of law, illegal representation, forgery, and deprivation of due process in her August 17, 2026 and August 25, 2026 motions. The timing of the disclosures is significant here because the disclosure the findings occurred simultaneously.

(30) Plaintiff alleges Roberts deliberately retaliated against her for exercising rights protected by Title IX, the ADA, the Civil Rights Act, for exposing MCAD's unlawful conduct, and for demanding the civil rights agency actually protect her civil rights. Roberts had institutional access to Plaintiff's Verified Complaint, the official investigative correspondence, Kostek's illegal purported Position Statement, Plaintiff's formal objections, and Plaintiff's Emergency Motion to Strike Kostek's illegal

purported Position Statement. Roberts nevertheless issued an adverse disposition in retaliation. Plaintiff alleges Roberts's conduct independently constituted retaliation prohibited by Title V of the ADA, 42 U.S.C. § 12203(a), and 28 C.F.R. § 35.134(a), as well as interference prohibited by 42 U.S.C. § 12203(b) and 28 C.F.R. § 35.134(b).

(31) On September 18, 2026, Plaintiff's DAR served Defendants Lowy and Rucki with a written Prelitigation Notice identifying Kostek's unlawful practice of law, her illegal representation of 10 Respondents, MCAD's continued reliance upon Kostek's illegal purported Position Statement, and Roberts's September 14, 2026 Finding. The Notice also challenged Roberts's disclosure of Plaintiff's confidential medical information and the continuing use of the corrupted investigative record. [Sealed, Plaintiff's DAR Decl., Prelitigation Notice Concerning MCAD Lack of Jurisdiction Finding Dated September 14, 2026, pp. 1-3, September 18, 2026, Ex. 9.] Despite actual written notice, Lowy and Rucki failed and refused to terminate Kostek's illegal representation or withdraw her illegal purported Position Statement.

(32) On September 23, 2026, Plaintiff filed her Notice of Preliminary Appeal, directed to, *inter alios*, Defendant Sunila Thomas George, MCAD Chair and Investigating Commissioner. Plaintiff identified Espinosa's secret expungement, Berthiaume's illegal purported appointment of Kostek, MCAD's false forged appointment notices, Kostek's unlawful practice of law, Roberts's Finding, and the

deprivation of Plaintiff's authorized rebuttal period. Plaintiff demanded correction of the official investigative record, reinstatement of the nine secretly expunged Respondents, expungement of Kostek's illegal filings, and reassignment of the case to different investigator. [Sealed, Plaintiff's DAR Decl., Complainant's Notice of Preliminary Appeal, pp. 3-10, September 23, 2026, Ex. 10.]

(33) Defendant George knowingly ratified and perpetuated the illegal acts in paragraph 32 above after receiving written notice identifying the responsible MCAD officials, their unlawful conduct, and the constitutional injuries Plaintiff continued to suffer. Plaintiff's September 23, 2026 Notice of Preliminary Appeal demanded corrective action and identified the continuing use of a formal investigative record that MCAD had intentionally corrupted. Plaintiff alleges George's knowing ratification and continued official inaction perpetuate the deprivation of Plaintiff's constitutional rights under color of state law. [Notice of Preliminary Appeal, pp. 8-12, Ex. 10.]

(34) On September 25, 2026, Plaintiff filed her Motion for a 30 Day Extension of Time to File Written Submission, formally challenging Roberts's purported Finding and the illegal acts of Espinosa, Berthiaume, and Kostek. Plaintiff alleged MCAD had concealed material investigative evidence until September 14, 2026, enabled Kostek's illegal representation, and permitted Roberts to issue findings based upon a corrupted official record that MCAD itself had deliberately corrupted. [Sealed, Plaintiff's DAR Decl.,

Complainant's Notice and Motion for a 30 Day Extension of Time to File Written Submission, pp. 3-7, September 25, 2026, Ex. 11.]

(35) On October 22, 2026, MCAD's official Case Portal identified Plaintiff's pending task as "File Preliminary Appeal Documentation" and displayed October 26, 2026, at 5:00 p.m. Eastern Time as the deadline for her written appeal. The Portal warned: "If you do not submit a written appeal within 14 days, your case will be closed." [Sealed, Plaintiff's DAR Decl., MCAD Case Portal, File Preliminary Appeal Documentation, p. 1, October 22, 2026, Ex. 13.] The administrative proceeding remains active, and MCAD has imposed a definite deadline to answer Roberts's corrupted and falsified Finding.

(36) Defendants conspired under color of state law to deprive Plaintiff of her First Amendment rights to freedom of speech and to petition the government for redress of grievances and her Fourteenth Amendment rights to due process of law and equal protection of the laws. Espinosa secretly expunged nine Respondents and has not provided notice and service to Plaintiff nor an opportunity to oppose. Attorney Jeremy M. Forgue knowingly assigns the legal defense of UMass Amherst and its nine individually named Respondents to Defendant Ann Kostek, a nonlawyer under his direct supervision, thereby enabling her unlawful practice of law and illegal representation of all ten Respondents. Berthiaume illegally appoints Kostek as DAR and falsifies official records to state UMass Amherst made

the appointment. Kostek practices law unlawfully for ten Respondents. Lowy and Rucki fail and refuse to stop Kostek's illegal representation. Roberts adopts Kostek's illegal purported Position Statement, manufactures false jurisdictional grounds, and purports to terminate Plaintiff's MCAD investigation to retaliate against Plaintiff. Plaintiff served George with Plaintiff's September 23, 2026 Notice of Preliminary Appeal. Nevertheless, George fails and refuses to vacate Espinosa's secret expungement, reinstate the nine secretly expunged Respondents, vacate Berthiaume's illegal purported DAR appointment to Kostek, reject Kostek's illegal representation of 10 Respondents, expunge Kostek's illegal filings from the official record, or vacate Roberts's retaliatory Finding. George authorizes or ratifies the illegal conduct that deprives Plaintiff of notice and a meaningful opportunity to be heard. Plaintiff alleges these continuing acts violate 42 U.S.C. sections 1983 and 1985(3).

(37) Plaintiff faces immediate and irreparable constitutional injury unless this Court restrains Defendants' continuing unlawful conduct. MCAD requires Plaintiff to answer Roberts's September 14, 2026 Finding by October 26, 2026, at 5:00 p.m. Eastern Time or MCAD will achieve its unlawful objective and close Plaintiff's civil rights proceeding. MCAD forces Plaintiff to challenge Robert's retaliatory findings arising from Kostek's unlawful practice of law, illegal purported representation

of 10 Respondents, and her illegal purported Position Statement. Plaintiff has already done that three times and George, Espinosa, Berthiaume, and Roberts utterly ignore it in furtherance of the conspiracy against Plaintiff's constitutional rights. MCAD's threat to close the case aslo endangers Plaintiff's August 12, 2025 filing date and the preservation of claims subject to the 300 day statutory filing period. Plaintiff seeks a Temporary Restraining Order, Preliminary Injunctive Relief, and Permanent Prospective Injunctive Relief to stop further constitutional deprivations, protect her pending administrative proceeding, and prevent further official acts on the corrupted formal investigative record.

(38) Four watershed events precipitated this emergency federal civil rights action and continue to inflict irreparable constitutional injury upon Plaintiff.

(a) First, Defendant Andrew Espinosa secretly expunged nine individually named Respondents from Plaintiff's MCAD Complaint without written notice, service of an amended Complaint or order, or an opportunity to be heard. MCAD continues to exclude these Respondents from Plaintiff's formal investigation, depriving Plaintiff of her Fourteenth Amendment rights to procedural due process, including notice and a meaningful opportunity to contest their removal, obstructing her First Amendment rights to freedom of speech and to petition the government for redress of grievances, and denying her Fourteenth

Amendment right to equal protection of the laws. Espinosa's unlawful conduct continues to shield nine Respondents from answering Plaintiff's allegations of discrimination, sexual harassment, retaliation, bribery, attempted extortion, and related civil rights violations.

(b) Second, on March 24, 2026, Attorney Jeremy M. Forgue identified Kostek as a nonlawyer in his MCAD request and knowingly assigned the legal defense of UMass Amherst and its nine individually named Respondents to Defendant Ann Kostek, a nonlawyer Human Resources employee within his department. Defendants David A. Lowy, Timothy A. Rucki, and Jeremy M. Forgue continue to enable and aid and abet Kostek's unlawful practice of law, perpetuating her unauthorized legal representation of ten Respondents while circumventing the professional responsibilities imposed upon University attorneys.

(c) Third, on June 15, 2026, Defendant Andrew M. Berthiaume illegally converted Forgue's limited administrative point-of-contact request into Kostek's purported appointment as a Duly Authorized Representative without written authorization from any Respondent. MCAD fabricated two materially false official appointment notices attributing Berthiaume's illegal act to UMass Amherst. Those notices remain in the official investigative record, continue to misrepresent Kostek's authority, and perpetuate her

unlawful representation through her illegal 26-page purported Position Statement asserting factual and legal defenses for all ten Respondents.

(d) Fourth, on September 14, 2026, Defendant Lila L. Roberts knowingly acknowledged and relied upon Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement" in her purported Lack of Jurisdiction Finding, introduced jurisdictional defenses never asserted by any Respondent, and terminated Plaintiff's formal investigation twelve days before expiration of her authorized September 26, 2026 rebuttal deadline, in retaliation for Plaintiff's motions to strike Kostek's illegal filings and bar Kostek from the proceedings, and for Plaintiff's exposure of the illegal conduct of Espinosa and Berthiaume.

The deliberate indifference, affirmative acts, and omissions of Defendants David A. Lowy and Sunila Thomas George perpetuate the constitutional injuries.[4] Lowy, as UMass General Counsel, knowingly and illegally authorizes or ratifies Kostek's unlawful practice of law and illegal representation of 10 UMass Amherst Respondents to continue despite receiving Plaintiff's September 18, 2026 Prelitigation Notice, while George, as MCAD Chair and Investigating Commissioner, continues to fail and refuse to reject Kostek's illegal representation of 10 UMass Amherst Respondents, expunge Kostek's illegal filings, vacate Espinosa's secret expungement, vacate Berthiaume's illegal

appointment of Kostek as DAR, and vacate Roberts's adverse Finding, which purports to adjudicate the purported merits of Kostek's unlawful practice of law producing Kostek's illegal purported Position Statement, despite receiving Plaintiff's September 23, 2026 Notice of Preliminary Appeal. An immediate prospective federal injunction is required to prevent additional irreparable constitutional injury.

(39) The taint follows the chain. Defendants knowingly and materially corrupted Plaintiff's official MCAD investigative record through a continuous chain of illegal acts. Each successive act perpetuated the consequences of the preceding illegal acts, culminating in an official Finding derived from an investigative record corrupted by the Defendants themselves. Striking Kostek's illegal purported Position Statement alone will not eliminate the false appointment notices, reinstate the nine secretly expunged Respondents, vacate Roberts's retaliatory Finding, or prevent continued reliance upon the corrupted official record in Plaintiff's administrative proceedings.

(40) Plaintiff requests only prospective injunctive relief to prevent continuing and future violations of her constitutional rights by Defendants acting within their respective official authority.

## II. JURISDICTION AND VENUE

(41) Plaintiff repeats, realleges, and incorporates by reference paragraphs (1) through (40), as though fully set forth herein.

(42) This Court has original jurisdiction under 28 U.S.C. §§

1331 and 1343(a)(3). Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1985(3) for Defendants' ongoing violations of her rights secured by the First and Fourteenth Amendments to the United States Constitution. Defendants, acting under color of Massachusetts law, continue to deprive Plaintiff of her constitutional rights to free speech, petition the government for redress of grievances, due process of law, and equal protection of the laws. Plaintiff seeks prospective injunctive relief to stop Defendants' continuing constitutional violations during the unfinished MCAD formal investigation and pending administrative appeal.

(43) Each Defendant exercised authority conferred by the Commonwealth of Massachusetts. Defendants David A. Lowy and Timothy A. Rucki illegally transferred UMass Amherst's legal representation from the Office of General Counsel to Defendant Ann Kostek, a nonlawyer Human Resources employee, in violation of their professional duties concerning the supervision of nonlawyers and the prohibition against assisting the unauthorized practice of law. Kostek used Andrew M. Berthiaume's illegal purported appointment of her as Duly Authorized Representative for UMass Amherst and nine other Respondents to practice law unlawfully on behalf of all 10 Respondents to deprive Plaintiff of an opportunity to be heard on an uncorrupted official record. Defendant Espinosa unlawfully excluded nine individually named Respondents without notifying Plaintiff. Defendant Berthiaume illegally appointed Kostek as Duly Authorized

Representative without authorization from the parties she undertook to represent. MCAD officials issued materially false official agency notices attributing Kostek's appointment to UMass Amherst. Defendant Roberts knowingly accepted and relied upon the product of Kostek's unlawful practice of law to issue findings against Plaintiff. On September 23, 2026, Plaintiff's Duly Authorized Representative sent Defendant Sunila Thomas George written notice identifying Defendants' unlawful conduct under Massachusetts General Laws chapter 221, section 46A; Massachusetts General Laws chapter 151B, section 5; 804 CMR sections 1.02 and 1.03; and the First and Fourteenth Amendments to the United States Constitution. Plaintiff's Duly Authorized Representative demanded corrective action to stop Defendants' continuing deprivation of Plaintiff's constitutional rights under color of state law, actionable under 42 U.S.C. sections 1983 and 1985(3).

(44) Plaintiff sues all seven Defendants exclusively in their official capacities for prospective injunctive relief under *Ex parte Young* (1908) 209 U.S. 123, 155-159. Federal courts possess authority to restrain state officials from continuing to violate federal law when their official responsibilities connect them to the challenged conduct. The Supreme Court reaffirmed the availability of prospective relief against ongoing violations of federal law in *Verizon Maryland, Inc. v. Public Service Commission of Maryland* (2002) 535 U.S. 635, 645-646. Plaintiff seeks injunctions restraining each Defendant from committing further unconstitutional acts

within their respective official authority.

(45) Defendants continue to deprive Plaintiff of her constitutional rights through the corrupted official MCAD investigative record. Defendant Espinosa unlawfully excluded nine individually named Respondents without notice to Plaintiff. Defendant Berthiaume illegally appointed Kostek as Duly Authorized Representative. MCAD officials issued materially false official agency notices attributing Kostek's appointment to UMass Amherst. Defendant Kostek filed an illegal purported Position Statement, the product of her unlawful practice of law and illegal representation of 10 Respondents. Defendant Roberts knowingly relied upon Kostek's illegal filing to issue her September 14, 2026 Finding against Plaintiff. MCAD officials have failed and refused to correct the corrupted official investigative record and continue to require Plaintiff to prosecute her administrative appeal against findings derived from Kostek's unlawful practice of law.

(46) Defendants' unlawful acts continue to cause Plaintiff concrete and imminent constitutional injury. MCAD granted Plaintiff until September 26, 2026 to submit her rebuttal. Defendant Roberts nevertheless issued her Finding on September 14, 2026 after knowingly accepting and relying upon the product of Kostek's unlawful practice of law. MCAD now requires Plaintiff to submit a written appeal by October 26, 2026 answering findings derived exclusively from Kostek's illegal purported Position Statement, the product of her unlawful practice of law and illegal

representation of 10 Respondents. MCAD's official Case Portal warns Plaintiff that failure to submit her written appeal will result in closure of her case. Defendants have thereby forced Plaintiff to answer the product of their unlawful acts to preserve her pending civil rights proceeding. [Sealed, MCAD Case Portal, File Preliminary Appeal Documentation, p. 1, Oct. 22, 2026, Ex. 10.]

(47) Plaintiff's Duly Authorized Representative sent Defendant George the September 23, 2026 Notice of Preliminary Appeal, identifying the responsible MCAD officials, their unlawful acts, and the corrective action demanded. Defendant George has failed and refused to correct the corrupted official MCAD investigative record. Defendants Lowy and Rucki have failed and refused to correct Kostek's unlawful representation of UMass Amherst and the nine individual Respondents. Defendant Kostek's illegal purported Position Statement remains in the official investigative record. Defendants Espinosa and Berthiaume have failed to correct the unlawful exclusions and illegal appointment. Defendant Roberts's Finding continues to rely upon the product of Kostek's unlawful practice of law. Each Defendant's continuing official conduct contributes to the constitutional deprivations Plaintiff seeks to stop through prospective injunctive relief.

(48) Plaintiff seeks a Temporary Restraining Order under Federal Rule of Civil Procedure 65(b), Preliminary Injunctive Relief under Federal Rule of Civil Procedure

65(a), and Permanent Prospective Injunctive Relief pursuant to 42 U.S.C. section 1983. Plaintiff requests orders prohibiting Defendants from continuing to rely upon Kostek's illegal purported Position Statement, the product of her unlawful practice of law and illegal representation of 10 Respondents, and the materially false official agency notices incorporated into the official MCAD investigative record. Plaintiff further requests orders preventing Defendants from making additional determinations affecting her civil rights proceeding without constitutionally adequate notice, due process of law, and a meaningful opportunity to be heard.

(49) Plaintiff brings this action in the District of Massachusetts under 28 U.S.C. section 1391(b)(2) because Defendants committed a substantial part of the unlawful acts giving rise to this action within the District. Defendants Lowy and Rucki transferred the legal representation of UMass Amherst, located in Hampshire County, Massachusetts, to Defendant Kostek. Kostek undertook the unlawful representation of UMass Amherst and nine individual Respondents in the formal MCAD investigation. MCAD conducted the challenged administrative proceedings through its Springfield operations in Hampden County, Massachusetts. MCAD officials illegally appointed Kostek, issued materially false official agency notices, accepted her illegal purported Position Statement, and relied upon its contents to issue findings against Plaintiff.

(50) Plaintiff brings this action in the Western Division of the United States District Court for the District of Massachusetts under Local Rule 40.1(c)(3). Hampshire and Hampden Counties fall within the Western Division. Plaintiff requests adjudication of her federal constitutional claims and prospective injunctive relief from the United States District Court in Springfield, Massachusetts.

## III. PARTIES

(51) Plaintiff repeats, realleges, and incorporates by reference paragraphs (41) through (50), as though fully set forth herein.

(52) Plaintiff JANE DOE ("Plaintiff") is a permanently disabled Black female doctoral candidate at the University of Massachusetts Amherst, pursuing her PhD, with an anticipated graduation date of May 2027. Plaintiff is also the only Black horse boarder at Stockbridge Stables, located at the University of Massachusetts Amherst's Hadley Farm. JANE DOE became permanently disabled as a result of a motor vehicle collision on the UMass Amherst campus on December 3, 2023, when a driver traveling at excessive speed failed to stop at double stop signs and broadsided her vehicle, causing JANE DOE to sustain massive internal injuries.

(53) Attorney-Defendant David A. Lowy ("Lowy") is General Counsel and chief legal officer of the University of Massachusetts, responsible for overseeing the University's legal affairs, legal representation, and

Office of General Counsel. Plaintiff sues Lowy exclusively in his official capacity for prospective injunctive relief.

(54) Attorney-Defendant Sunila Thomas George ("George") is Chair and Commissioner of the Massachusetts Commission Against Discrimination ("MCAD"), with official responsibilities concerning the Commission's administration and investigative operations. George substituted herself into the formal investigation as the Investigating Commissioner. Plaintiff sues George exclusively in her official capacity for prospective injunctive relief.

(55) Attorney-Defendant Timothy A. Rucki ("Rucki") is Associate Counsel in the Office of General Counsel for the University of Massachusetts, with official responsibilities concerning the University's legal representation and assigned legal matters. Plaintiff sues Rucki exclusively in his official capacity for prospective injunctive relief. Attorney-Defendant Jeremy M. Forgue ("Forgue") is Executive Director of Human Resources for Administration and Finance at the University of Massachusetts Amherst. Forgue knowingly assigned the legal defense of ten Respondents to nonlawyer Ann Kostek, an employee under his direct supervision. Plaintiff sues Forgue exclusively in his official capacity for prospective injunctive relief.

(56) Attorney-Defendant Andrew Espinosa ("Espinosa") is Deputy Chief of Investigations for MCAD, with official responsibilities concerning the administration and supervision of MCAD investigations. Plaintiff sues Espinosa exclusively in his official capacity for prospective

injunctive relief.

(57) Defendant Ann Kostek ("Kostek") is a nonlawyer Human Resources Business Partner employed by the University of Massachusetts Amherst, with official responsibilities concerning University human resources matters. Plaintiff sues Kostek exclusively in her official capacity for prospective injunctive relief.

(58) Defendant Andrew M. Berthiaume ("Berthiaume") is an Investigator for MCAD, with official responsibilities concerning the investigation of discrimination complaints and maintenance of investigative records. Plaintiff sues Berthiaume exclusively in his official capacity for prospective injunctive relief.

(59) Attorney-Defendant Lila L. Roberts ("Roberts") is Chief of Investigations for MCAD, with official responsibilities concerning the supervision of MCAD investigations and issuance of investigative determinations. Plaintiff sues Roberts exclusively in her official capacity for prospective injunctive relief.

(60) Plaintiff sues Defendants David A. Lowy, Sunila Thomas George, Timothy A. Rucki, Andrew Espinosa, Ann Kostek, Andrew M. Berthiaume, and Lila L. Roberts exclusively in their official capacities. Plaintiff seeks no monetary damages and requests only prospective injunctive relief to prevent continuing and future violations of her constitutional rights by Defendants acting within their respective official authority.

## IV. Relevant Background Of The Underlying MCAD

COMPLAINT NOT FOR ADJUDICATION IN FEDERAL COURT

(61) Plaintiff repeats, realleges, and incorporates by reference paragraphs (51) through (60), as though fully set forth herein.

(62) Plaintiff JANE DOE ("Plaintiff") is a permanently disabled Black female doctoral candidate at the University of Massachusetts Amherst. Plaintiff expects to graduate with her PhD in approximately May 2027. Plaintiff is also the only Black horse boarder at Stockbridge Stables Equine Barn, located at the University of Massachusetts Amherst's Hadley Farm, and pays full price to board her two horses at the facility.

(63) On December 3, 2023, Plaintiff sustained massive internal injuries in a motor vehicle collision on the UMass Amherst campus when another driver, traveling at excessive speed, failed to stop at double stop signs and broadsided Plaintiff's vehicle. The collision permanently disabled Plaintiff and substantially impaired her mobility, stamina, and ability to perform ordinary physical activities.

(64) UMass Amherst provides white women with free full board or heavily subsidized boarding at Stockbridge Stables, including feed, dedicated caretakers, stall and paddock maintenance, and veterinary care. UMass Amherst has neither provided nor offered those subsidies to Plaintiff. The University continues to provide preferential boarding benefits to white female boarders while requiring Plaintiff to pay full price.

(65) Dean Michael A. Fox and University officials fail

and refuse to provide Plaintiff even basic disability accommodations required under Title II of the Americans with Disabilities Act of 1990 and its implementing regulations (42 U.S.C. § 12132; 28 C.F.R. §§ 35.130(b)(7)(i), 35.149, 35.150). The parking lot serving Stockbridge Stables Equine Barn has no designated accessible parking spaces and no accessible route to the barn entrance. Plaintiff must traverse at least 75 feet of grass and gravel to enter the barn despite her severely impaired mobility. University officials fail and refuse to provide reasonable modifications or an effective alternative permitting Plaintiff safe access to the facility.

(66) Robert J. Skalbite, a University employee exercising authority over Stockbridge Stables, subjected Plaintiff to continuing sexual harassment and intimidation. On January 12, 2024, Plaintiff notified Chancellor Javier A. Reyes in writing concerning Skalbite's conduct, her resulting injuries, denial of disability access, and hostile conditions at Stockbridge Stables. Plaintiff repeatedly demanded protection against further sexual harassment, intimidation, and unwanted contact. University officials failed to stop Skalbite's conduct after receiving actual written notice.

(67) In his August 16, 2024 investigative letter, University Senior Investigator James "Jim" Barna identified white female boarders Jill Smith and Meghan Gennings, together with Robert J. Skalbite, as the persons who decided to terminate Plaintiff's boarding agreement.

(68) Barna further identified Smith as the person who recommended excluding Plaintiff's horse from the University's teaching herd. University officials thus permitted white female boarders receiving preferential boarding benefits to participate in decisions adversely affecting Plaintiff's continued access to the facility. The same University officials denied Plaintiff equal boarding benefits.

(69) Barna struck Plaintiff's Title IX sexual harassment complaint against Robert J. Skalbite without notice to Plaintiff or an opportunity to be heard. Plaintiff's sexual harassment complaint was therefore excluded from the University's internal process while the University continued to permit Skalbite to exercise authority affecting Plaintiff's boarding arrangements.

(70) Plaintiff also reported Dean Michael A. Fox's sexual harassment, bribery, attempted extortion, threats, intimidation, and coercion as part of the discriminatory treatment directed against her at UMass Amherst.

(71) Fox exercised institutional authority over Plaintiff's graduate education and the University facility where she boarded her horses. His authority extended to matters affecting Plaintiff's doctoral studies and her continued access to Stockbridge Stables. Fox used those overlapping positions of authority to pressure Plaintiff into leaving the facility rather than correcting the discrimination and denial of disability accommodations.

(72) On May 21, 2025, Fox offered University funds to

induce Plaintiff to remove her horses from Stockbridge Stables. His written proposal offered transportation expenses and boarding costs at another facility while denying Plaintiff's asserted contractual and legal rights to continued boarding. Fox sought Plaintiff's departure instead of correcting the unequal conditions and providing disability accommodations at the public University facility.

(73) Fox's relocation proposal constituted a $20,000 bribe intended to remove Plaintiff from Stockbridge Stables. The proposal followed the participation of white female boarders in decisions to terminate Plaintiff's boarding arrangements. Fox offered the bribe to remove Plaintiff because she is Black, leaving the white women and their children to continue exclusive enjoyment of the University's preferential boarding arrangements at taxpayer expense.

(74) Fox exploited gender dynamics to sexually harass Plaintiff and used his institutional authority over her graduate program to threaten, intimidate, and coerce her into accepting the bribe, leaving the facility, and forfeiting her claims for ADA disability violations. Fox combined his authority over Plaintiff's academic future with his authority over Stockbridge Stables to pressure the disabled Black female doctoral candidate into relinquishing access to her horses and the University facility. Plaintiff challenged his conduct as sexual harassment, coercion, and attempted extortion.

(75) Plaintiff refused the bribe and challenged Fox's sexual harassment, threats, intimidation, and attempted extortion. Plaintiff's Title IX Advisor and Duly Authorized Representative repeatedly objected in writing to Fox's efforts to remove Plaintiff and her horses from Stockbridge Stables.

(76) On June 16, 2025, Fox designated his proposal as his final offer and announced a reduction in Plaintiff's boarding services effective September 1, 2025. Fox conditioned continued access to existing boarding services upon terms imposed by the University rather than providing the disability accommodations and equal treatment Plaintiff had demanded.

(77) On August 12, 2025, Plaintiff filed her underlying civil rights Complaint with the Massachusetts Commission Against Discrimination ("MCAD"), assigned Docket No. 25SPA02929. Plaintiff's Complaint and subsequent sworn submissions identify racial segregation, sexual harassment, discrimination because of race, sex, and disability, retaliation, bribery, attempted extortion, threats, intimidation, coercion, unequal boarding benefits, denial of disability accommodations, and interference with Plaintiff's protected civil rights activities.

(78) Effective September 1, 2025, Fox retaliated against Plaintiff by withdrawing boarding services over the repeated written objections of Plaintiff's Title IX Advisor and Duly Authorized Representative. Fox reduced services to the disabled Black boarder rather than correct the

University's discriminatory treatment and denial of disability accommodations.

(79) On September 11, 2025, Plaintiff's Title IX Advisor and Duly Authorized Representative served University officials with a formal cease-and-desist demand concerning Skalbite's continuing sexual harassment. University officials received written notice demanding an end to his harassment and unwanted communications.

(80) On October 3, 2025, Plaintiff filed a Narrative Police Report with UMPD Officer Gregory Oravec concerning Skalbite's continued sexual harassment and intimidation. Plaintiff formally placed University police on notice of the conduct and sought law enforcement intervention.

(81) Skalbite's continuing sexual harassment, intimidation, and unwanted contact formed part of Plaintiff's sexual harassment and hostile work and academic environment claims before MCAD. Plaintiff's October 3, 2025 police report documented her efforts to obtain protection after University officials failed to stop his conduct.

(82) After receiving Plaintiff's October 3, 2025 police report, UMPD continues to fail and refuse to investigate Skalbite's sexual harassment and intimidation or take effective action to stop his conduct.

(83) UMPD likewise continues to fail and refuse to investigate Fox's $20,000 bribe, coercive demands, and attempted extortion after Plaintiff reported his misconduct. University police possess notice of serious accusations involving University administrators but have

taken no effective investigative action to address them.

(84) Plaintiff alleges upon information and belief that some UMPD officers are corrupt and that UMPD fails and refuses to investigate Plaintiff's complaints concerning assault, sexual harassment, bribery, and attempted extortion by University officials.

(85) Plaintiff identifies UMPD's continuing refusal to investigate as a cover-up protecting University officials from accountability for their conduct. Instead of independently investigating Plaintiff's complaints, UMPD continues to participate in enforcement actions and confrontations directed against Plaintiff.

(86) University personnel also subjected Plaintiff to anonymous and unattributed email communications, harassment, intimidation, and interference with her efforts to identify the persons responsible.

(87) Communications transmitted through the University email address CafeAdmin@umass.edu concealed the identity of the individual sender. Plaintiff received communications through a University-controlled address without identification of the employee who authored or transmitted them.

(88) Following her cease-and-desist demand concerning Skalbite's sexual harassment and unwanted communications, Plaintiff demanded identification of his possible involvement with the anonymous email account. Plaintiff sought records identifying the individuals who created, controlled, accessed, authorized, or used the account to

communicate with her.

(89) Stockbridge Stables operates a racially segregated section of the Equine Barn. Large orange cones physically separate Plaintiff's aisle from the remainder of the facility, creating a "Black's only" section. No other horses occupy Plaintiff's segregated aisle. Barn personnel maintain the areas occupied by white boarders while leaving Plaintiff's aisle without comparable maintenance.

(90) Dean Fox ordered barn staff to abandon the "Black's only" aisle completely. The segregated aisle has remained unkempt and unsafe since December 2025. University officials continue to deny Plaintiff maintenance services provided to white boarders elsewhere in the same facility.

(91) Barn personnel began parking a bulldozer at the end of the aisle, creating an additional physical barrier separating the "Black's only" section from the remainder of the Equine Barn. The physical separation reinforces the unequal conditions imposed upon Plaintiff at the public University facility.

(92) Barn personnel and UMass Amherst officials deny Plaintiff and her Black caretakers access to barn equipment while allowing white female boarders and their children to use the same equipment recreationally. University officials continue to subject Plaintiff to racial segregation, discriminatory denial of services, unequal treatment, and a hostile work and academic environment while providing preferential treatment to white female boarders and their children.

(93) On Christmas Eve, December 24, 2025, Professor Cassandra K. Uricchio initiated an aggressive confrontation with Plaintiff inside the Equine Barn. Uricchio crossed approximately forty-four feet of the barn to confront Plaintiff, a disabled Black female graduate student employee and boarder who remained seated and physically unable to retreat. Uricchio assaulted Plaintiff, challenged her recording activities, and told her to leave the facility.

(94) During the resulting police encounter, Uricchio corroborated Fox's $20,000 bribe intended to induce Plaintiff to leave Stockbridge Stables. Uricchio disclosed the offer to UMPD Sergeant Brian Green and UMPD Officer Jeffrey Silva during an interview recorded by Hadley Police Detective Janelle Seitz. Sergeant Green immediately acknowledged prior knowledge of Fox's payment proposal. University police therefore possessed independent knowledge of the bribe while declining to investigate Plaintiff's complaints concerning Fox's conduct.

(95) Uricchio also identified Fox and Lynne A. McLandsborough as the University officials who instructed personnel to summon UMPD whenever a confrontation involving Plaintiff occurred. University officials thereby weaponized University police against the disabled Black boarder, who has never initiated any confrontation with the white people inside the barn. Uricchio initiated the December 24, 2025 confrontation herself, attributed her aggressive conduct to her "Italianness," and summoned UMPD to support her

conduct.

(96) Sergeant Green and Officer Silva treated Plaintiff as the aggressor, refused to take an actual police report, discussed Plaintiff's removal from Stockbridge Stables, amplified the hostility toward Plaintiff, and failed to investigate Uricchio's assault upon the seated disabled Black female graduate student employee and boarder.

(97) Plaintiff also identified conflicts arising from valuable boarding benefits provided to UMPD personnel through the University's equine program. Plaintiff challenged UMPD's independence when its officers responded to complaints concerning the same University facility, employees, and favored white boarders associated with those benefits.

(98) Plaintiff's Duly Authorized Representative characterized the discriminatory arrangement at Stockbridge Stables as follows: "*Stockbridge Stables is a federally funded social club for able-bodied white women and their children.*"

(99) University officials further interfered with Plaintiff's personal property and her paid boarding space at Stockbridge Stables. Their conduct extended beyond unequal boarding services to Plaintiff's ability to monitor her horses, protect her property, and preserve evidence.

(100) Plaintiff reported trespass upon her boarding space, interference with personal recording equipment, threats to remove her property, and efforts to prevent her from preserving evidence of animal welfare conditions,

discrimination, harassment, and retaliation.

(101) On July 12, 2026, University official Angela Jagiello confronted Plaintiff's Title IX Advisor and Duly Authorized Representative inside Stockbridge Stables while he was assisting Plaintiff with the care of her horses.

(102) On July 13, 2026, Jagiello issued a memorandum titled "Maintaining a Safe and Respectful Equine Environment," which authorized and encouraged white barn personnel to confront Plaintiff and her Black caretakers and summon UMPD to enforce their demands.

(103) Plaintiff challenged Jagiello's memorandum as further institutional authorization for racial discrimination, intimidation, retaliation, and harassment inside the segregated Equine Barn. The memorandum followed a confrontation initiated by Jagiello and authorized further confrontations involving persons assisting Plaintiff.

(104) On July 15, 2026, University official Jeffrey Hescock confronted Plaintiff's Duly Authorized Representative concerning portable recording equipment used to monitor Plaintiff's horses and preserve evidence inside her paid boarding space.

(105) On July 17, 2026, Hescock threatened disciplinary action and removal of Plaintiff's portable recording equipment from her paid boarding space despite his knowledge of its use for animal welfare monitoring and preservation of evidence.

(106) UMPD continues to participate in the hostile

treatment of Plaintiff instead of protecting her against discrimination, sexual harassment, threats, intimidation, and interference with her civil rights. By contrast, the Hadley Police Department responded to Plaintiff's complaints concerning University personnel, received statements, and obtained preserved video evidence after UMPD failed and refused to conduct effective investigations.

(107) Plaintiff demanded preservation of the anonymous emails, their contents, transmission records, and evidence identifying the persons who authored, authorized, or transmitted them. Plaintiff also demanded preservation of records concerning the creation, administration, access, and use of CafeAdmin@umass.edu to identify the individuals responsible for communications directed to her.

(108) Plaintiff, through her Title IX Advisor and Duly Authorized Representative, repeatedly submitted formal written complaints to University General Counsel David A. Lowy identifying racial segregation, discrimination because of race and disability, sexual harassment, retaliation, threats, intimidation, denial of disability accommodations, and unequal access to University facilities and services. Those complaints identified the responsible University officials, described their conduct, and demanded corrective action. Lowy possesses actual written notice, demonstrates deliberate indifference, continues to fail and refuse to respond to the complaints, and takes no corrective action.

(109) Plaintiff's underlying MCAD Complaint concerns

more than a disagreement over boarding arrangements. The Complaint identifies sexual harassment by University employees and administrators, racial segregation inside a public University facility, unequal treatment of a permanently disabled Black doctoral candidate, denial of disability accommodations, retaliation for protected complaints, bribery, attempted extortion, threats, intimidation, and the refusal of University police to investigate reported misconduct. These are serious civil rights claims presented for adjudication before the Commonwealth's designated civil rights enforcement agency.

(110) Plaintiff's claims are supported by contemporaneous written complaints, sworn submissions, University correspondence, police reports, and recorded statements. The record includes Barna's August 16, 2024 identification of the persons responsible for terminating Plaintiff's boarding agreement; Fox's May 21, 2025 relocation proposal and June 16, 2025 final offer; Plaintiff's September 11, 2025 sexual harassment cease-and-desist demand; her October 3, 2025 police report against Skalbite; and Uricchio's December 24, 2025 recorded disclosure of Fox's $20,000 bribe, accompanied by Sergeant Green's acknowledgment of prior knowledge. These records identify witnesses, decision-makers, official acts, and disputed conduct requiring meaningful investigation.

(111) Plaintiff repeatedly provided University officials with actual written notice, reported misconduct to law enforcement, preserved contemporaneous evidence, and

invoked MCAD's statutory process to obtain a fair determination of her civil rights claims. University officials fail and refuse to stop the continuing unlawful conduct or protect Plaintiff from further injury. Plaintiff's underlying Complaint deserves adjudication upon a complete, authentic, and uncorrupted official investigative record, with each material allegation and the evidence supporting it fairly considered. The seriousness of Plaintiff's claims makes the integrity of the MCAD investigation essential: unauthorized legal representation, unlawful exclusion of Respondents, suppression of Plaintiff's rebuttal, and reliance upon a corrupted investigative record must not determine the disposition of her civil rights Complaint.

(112) This is not a request to adjudicate the underlying MCAD Title IX, ADA, Civil Rights complaint in federal court. Nor is this a removal of those claims to federal court. Plaintiff presents paragraphs (62) through (111), inclusive, solely as some of the factual background identifying the underlying civil rights Complaint pending before MCAD, Docket No. 25SPA02929. Plaintiff does not submit the merits of her underlying discrimination Complaint for adjudication in this federal action and seeks no federal determination of liability or relief for the underlying acts of racial segregation, sex or disability discrimination, sexual harassment, bribery, attempted extortion, retaliation, threats, intimidation, coercion, trespass, interference with personal property, denial of

disability accommodations, or police misconduct described in this section. Plaintiff reserves the adjudication of those claims to the pending MCAD proceeding. This federal action concerns separate and continuing violations arising from Ann Kostek's unauthorized practice of law, illegal representation of 10 Respondents, aiding and abetting the unlawful practice of law, corruption of the official MCAD investigative record, and the ongoing deprivation of Plaintiff's constitutional rights. Plaintiff seeks exclusively prospective injunctive relief against the eight named Defendants in their official capacities to stop their continuing unlawful conduct in the formal MCAD investigation and prevent inevitable future constitutional injury.

## V. Facts Common To All Causes Of Action

(113) Plaintiff repeats, realleges, and incorporates by reference paragraphs (61) through (112), as though fully set forth herein.

(114) Attorney-Defendant David A. Lowy ("Lowy") is General Counsel and chief legal officer of the University of Massachusetts. Lowy's Office of General Counsel undertook the University's legal representation concerning Plaintiff's discrimination and disability accommodation claims. On January 29 and January 30, 2024, Associate Counsel Timothy A. Rucki communicated directly with Plaintiff's former attorney, rejected Plaintiff's discrimination allegations, asserted the University's legal position, and demanded removal of Plaintiff's horses from

Stockbridge Stables. Attorney Jeremy M. Forgue assigned the legal defense of UMass Amherst and its nine individual Respondents to nonlawyer Ann Kostek, an employee under his direct supervision. Lowy continues to authorize or ratify Kostek's illegal representation.. Lowy's continued advocacy of Kostek aids and abets Kostek's unlawful practice of law and perpetuates irreparable injury to Plaintiff's First and Fourteenth Amendment rights.

(115) On June 15, 2026, Kostek filed a 26-page purported Position Statement, signed and affirmed under the pains and penalties of perjury, asserting factual and legal defenses for ten Respondents, reserving legal rights, and requesting dismissal of Plaintiff's civil rights Complaint in its entirety. Neither Lowy nor any other University attorney signed the document. None of the ten Respondents filed an appointment with MCAD authorizing Kostek to represent them. The MCAD regulation then in effect required each Respondent to sign and affirm its Position Statement and required an additional attorney signature when represented by counsel. (804 CMR § 1.05(8)(d)(1)-(2) (2020).) Lowy continues to authorize UMass Amherst to assert the legal benefit of Ann Kostek's illegal purported Position Statement rather than stopping her unlawful practice of law and illegal representation of 10 Respondents. Lowy's continuing assistance perpetuates Ann Kostek's unlawful practice of law and causes irreparable injury to Plaintiff's First Amendment right to petition and Fourteenth Amendment right to due process.

(116) David A. Lowy formerly served as an Associate Justice of the Massachusetts Supreme Judicial Court and participated in the Court's decision in *Rental Property Management Services v. Hatcher* (2018) 479 Mass. 542, 551. The Court held that "[a] court has no discretion to tolerate the unauthorized practice of law" and "the court is obligated to take corrective action." (*Id.* at p. 551.) Massachusetts law separately states that, "[n]o individual, other than a member, in good standing, of the bar of this commonwealth shall practice law." (G.L. c. 221, § 46A.) Lowy continues to authorize Ann Kostek's unlawful practice of law and her illegal representation of 10 Respondents by maintaining the University's legal response through Ann Kostek's June 15, 2026 illegal purported Position Statement. Lowy's deliberate indifference to the resulting constitutional violations perpetuates the unlawful deprivation of Plaintiff's First Amendment right to petition and Fourteenth Amendment right to due process and causes ongoing irreparable injury.

(117) On September 18, 2026, Plaintiff's Duly Authorized Representative served Lowy with formal written notice identifying Kostek's unlawful practice of law, MCAD's acceptance of her illegal filing, the exclusion of nine individual Respondents, and Lila L. Roberts's September 14, 2026 purported "LACK OF JURISDICTION FINDING." Lowy has neither withdrawn Kostek's illegal purported Position Statement nor caused the University to correct the false appearance of lawful representation.

Plaintiff consequently faces an administrative disposition resting in part upon legal defenses filed by a nonlawyer whom no Respondent appointed to act on its behalf. Lowy's continued assistance in maintaining Kostek’s illegal purported Position Statement deprives Plaintiff of meaningful access to a fair administrative proceeding and causes ongoing irreparable injury in violation of the First and Fourteenth Amendments.

(118) Attorney-Defendant Sunila Thomas George (“George”) is Chair and Commissioner of the Massachusetts Commission Against Discrimination. General Laws chapter 151B, § 5 assigns the Chair responsibility for designating a Commissioner to investigate a verified discrimination complaint with the assistance of Commission staff. George maintains official responsibility for the administrative disposition and investigative record of MCAD Docket No. 25SPA02929. MCAD continues to recognize Ann Kostek's illegal purported Position Statement as a lawful defensive pleading by UMass Amherst notwithstanding the absence of an appointment delegating Kostek as DAR by any Respondent and the absence of the required Respondent affirmations. George permits MCAD to continue adjudicating Ann Kostek's June 15, 2026 illegal purported Position Statement as lawful despite receiving formal notice of Kostek's unlawful practice of law and illegal representation of 10 Respondents from Plaintiff's DAR. George thereby purports to give the approval of the Commonwealth to Kostek's unlawful practice of law and illegal representation despite

the Massachusetts Supreme Judicial Court's holding, with which David A. Lowy concurred, that "[a] court has no discretion to tolerate the unauthorized practice of law" (*Rental Property Management Services v. Hatcher* (2018) 479 Mass. 542, 551), thus GEORGE perpetuates the deprivation of Plaintiff's First Amendment right to petition and Fourteenth Amendment right to due process and causes ongoing irreparable injury.

(119) MCAD Investigator Andrew M. Berthiaume informed Ann Kostek on June 15, 2026 that he had added her to the proceeding as a Duly Authorized Representative. MCAD thereafter generated official notices falsely stating UMass Amherst had appointed Kostek as its Duly Authorized Representative. Those official notices are fraudulent and forgeries because Berthiaume's investigative emails identify him, not anyone acting on behalf of UMass Amherst, as the person who purported to appoint Kostek as UMass Amherst's DAR. Despite receiving formal notice from Plaintiff's DAR of Berthiaume's illegal conduct and Kostek's unlawful practice of law arising therefrom, George fails to correct or withdraw the fraudulent MCAD notices and permits the Commission to continue treating them as proof that UMass Amherst appointed Kostek to represent 10 Respondents. By accepting Berthiaume's purported appointment as an official act of MCAD after receiving formal notice of its illegality, George ratifies Berthiaume's conduct on behalf of the Commonwealth and permits MCAD to give legal effect to Ann Kostek's June 15,

2026 illegal purported Position Statement moving forward. George's ratification of Berthiaume's illegal conduct aids and abets Kostek's unlawful practice of law and illegal representation of 10 Respondents, deprives Plaintiff of her First Amendment right to petition and Fourteenth Amendment right to due process, and causes ongoing irreparable injury.

(120) On September 14, 2026, Chief of Investigations Lila L. Roberts issued a purported "LACK OF JURISDICTION FINDING" crediting Ann Kostek's June 15, 2026 illegal purported Position Statement as "the Respondent's affirmed Position Statement" while simultaneously alleging lack of jurisdiction. Roberts was not the Commissioner designated to perform the functions under General Laws chapter 151B, § 5. Despite formal notice from Plaintiff's DAR, George continues to recognize Roberts's September 14, 2026 purported "LACK OF JURISDICTION FINDING" as MCAD's termination of Plaintiff's civil rights investigation and permits MCAD to give legal effect to Ann Kostek's illegal purported Position Statement. By ratifying Roberts's purported Finding and permitting MCAD to terminate Plaintiff's investigation in reliance upon Kostek's unlawful practice of law, George aids and abets Kostek's indisputably illegal representation of 10 Respondents, deprives Plaintiff of her First Amendment right to petition and Fourteenth Amendment right to due process, and causes ongoing irreparable injury.

(121) Despite George receiving Plaintiff's September

23, 2026 Notice of Preliminary Appeal, she continues to permit MCAD to acknowledge Ann Kostek's June 15, 2026 illegal purported Position Statement as a lawful response on behalf of 10 Respondents, exclude nine individually named Respondents from Plaintiff's civil rights investigation without notice and opportunity to be heard, and enforces Roberts's September 14, 2026 purported "LACK OF JURISDICTION FINDING." Plaintiff's Notice of Preliminary Appeal placed George on formal notice of Berthiaume's illegal purported appointment of Kostek and his own unlawful practice of law, Kostek's unlawful practice of law, and Roberts's terminating Plaintiff's MCAD investigation twelve days before Plaintiff's September 26, 2026 deadline to file her rebuttal to Ann Kostek's illegal participation in the formal investigation. George fails and refuses to correct the fraudulent MCAD appointment notices or direct MCAD to strike Ann Kostek's June 15, 2026 illegal purported Position Statement from the record. George's continuing refusal to correct these constitutional violations deprives Plaintiff of her First Amendment right to petition and Fourteenth Amendment right to due process, threatens the preservation of Plaintiff's timely filed civil rights claims under the 300-day statute of limitations, and causes ongoing irreparable injury requiring prospective injunctive relief.

(122) Attorney-Defendant Timothy A. Rucki ("Rucki") is Associate Counsel for UMass Amherst. On January 29 and January 30, 2024, Rucki undertook the University's legal

representation concerning Plaintiff's discrimination claims and continued access to Stockbridge Stables. Kostek thereafter performed legal work concerning those claims in the formal MCAD investigation, filed legal defenses for 10 Respondents, and requested dismissal of Plaintiff's Complaint. Rucki did not sign Kostek's June 15, 2026 illegal purported Position Statement or file an appearance establishing attorney responsibility for its legal contents. Rucki continues to permit UMass Amherst to defend Plaintiff's MCAD Complaint through Ann Kostek's June 15, 2026 illegal purported Position Statement, thereby aiding and abetting Kostek's unlawful practice of law and illegal representation of 10 Respondents, depriving Plaintiff of her First Amendment right to petition and Fourteenth Amendment right to due process, and causing ongoing irreparable injury.

(123) On September 18, 2026, Plaintiff's Duly Authorized Representative served Rucki with formal written notice identifying Ann Kostek's unlawful practice of law, her illegal representation of 10 Respondents, and MCAD's reliance upon her June 15, 2026 illegal purported Position Statement. Despite receiving formal written notice, Rucki fails and refuses to withdraw Ann Kostek's June 15, 2026 illegal purported Position Statement or demand MCAD strike it from the official investigative record, notwithstanding the absence of any appointment by UMass Amherst or the nine individual Respondents authorizing Kostek to represent them. MCAD continues to acknowledge Kostek's illegal

purported Position Statement as the lawful defense of 10 Respondents and relies upon it to justify Roberts's September 14, 2026 purported "LACK OF JURISDICTION FINDING." Rucki's continuing refusal to withdraw Ann Kostek's illegal purported Position Statement or demand its removal from the official MCAD record aids and abets Kostek's unlawful practice of law and illegal representation of 10 Respondents, deprives Plaintiff of her First Amendment right to petition and Fourteenth Amendment right to due process, and causes ongoing irreparable injury.

(124) Attorney-Defendant Andrew Espinosa ("Espinosa") is Deputy Chief of Investigations for MCAD. During the intake process, Espinosa unlawfully excluded nine individually named Respondents from Plaintiff's formal MCAD investigation: Michael A. Fox, Kerri Thompson Tillett, Karen Moré, Timothy A. Rucki, James "Jim" Barna, Shao Yu "Dora" Tseng, Jacqueline Deiana, Robert J. Skalbite, and Hannah Lydotes, leaving only the institutional Respondent without the named actors. Espinosa deprives Plaintiff of her constitutional right to petition the government for redress of grievances. Espinosa continues to exclude these nine individual Respondents from Plaintiff's MCAD investigation, denying Plaintiff consideration of her claims against the individuals whose conduct forms the basis of her civil rights Complaint, depriving Plaintiff of her First Amendment right to petition and Fourteenth Amendment right to due process, and causing ongoing

irreparable injury.

(125) On August 21, 2026, MCAD Clerk Theresa Lepore informed Plaintiff's Duly Authorized Representative that Espinosa made the intake decision excluding the nine individual Respondents. MCAD thereafter acknowledged their exclusion while continuing to recognize Kostek's illegal purported Position Statement asserting legal defenses for those same individuals. Espinosa's official act therefore removed nine Respondents from the administrative proceeding while the agency retained a nonlawyer's purported legal representation of them. The continued exclusion facilitates and preserves Kostek's unlawful practice of law and deprives Plaintiff of meaningful consideration of her submitted claims, causing ongoing irreparable constitutional injury.

(126) Espinosa continues to exclude the nine individually named Respondents from Plaintiff's formal MCAD investigation while MCAD acknowledges Ann Kostek's June 15, 2026 illegal purported Position Statement asserting legal defenses on behalf of those same nine Respondents. Espinosa thereby prevents Plaintiff from pursuing her civil rights claims against the nine individuals whose conduct forms the basis of her Complaint while MCAD accepts legal defenses Kostek illegally asserted on their behalf. By continuing to exclude the nine individual Respondents while permitting MCAD to accept Kostek's illegal purported Position Statement on their behalf, Espinosa aids and abets Kostek's unlawful practice of law and illegal representation of 10

Respondents, deprives Plaintiff of her First Amendment right to petition the government for redress of grievances and Fourteenth Amendment right to due process, and causes ongoing irreparable injury.

(127) Defendant Ann Kostek ("Kostek") is a Human Resources employee of UMass Amherst and is not an attorney licensed to practice law in Massachusetts or any other state. On June 15, 2026, Kostek filed a 26-page illegal purported Position Statement into the formal MCAD investigative record, falsely claiming to represent UMass Amherst and nine individually named Respondents. Kostek signed and affirmed her illegal purported Position Statement under the pains and penalties of perjury, purported to answer Plaintiff's verified allegations of civil rights violations, sexual harassment, and disability violations, asserted factual and legal defenses, reserved legal rights, and requested dismissal of Plaintiff's Complaint in its entirety. Neither UMass Amherst nor any of the nine individual Respondents appointed Kostek to represent them in the formal MCAD investigation. Defendant Ann Kostek's illegal representation of 10 Respondents constitutes the unlawful practice of law as a matter of law in violation of General Laws chapter 221, § 46A. By continuing to acknowledge and advocate Ann Kostek's June 15, 2026 illegal purported Position Statement as a lawful defense of 10 Respondents, David A. Lowy, Timothy A. Rucki, Jeremy M. Forgue, Sunila Thomas George, Andrew Espinosa, Lila L. Roberts, and Andrew M. Berthiaume aid and abet

Kostek's unlawful practice of law, deprive Plaintiff of her First Amendment right to petition the government for redress of grievances and Fourteenth Amendment right to due process, and cause ongoing irreparable injury.

(128) On September 14, 2026, Attorney-Defendant Lila L. Roberts declared "INVESTIGATIVE DISPOSITION: LACK OF JURISDICTION," but immediately thereafter proceeded to adjudicate disputed factual and legal defenses advanced in Ann Kostek's June 15, 2026 illegal purported Position Statement. Roberts accepted Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement," determined that Stockbridge Stables was not open to the public, declared Plaintiff ineligible for the University's equine program, determined Plaintiff failed to state a disability discrimination claim, and rejected Plaintiff's claims as untimely. Roberts went beyond Kostek's illegal purported Position Statement by applying the six-month statute of limitations under General Laws chapter 151C, which Kostek never asserted, rather than the 300-day filing period applicable to Plaintiff's Public Accommodation claims under General Laws chapter 151B, section 5. Roberts issued these definitive findings twelve days before Plaintiff's September 26, 2026 deadline to file her rebuttal to Kostek's illegal participation in the investigation, thereby preempting consideration of Plaintiff's rebuttal. Plaintiff nevertheless filed her rebuttal after Roberts issued the September 14, 2026 purported "LACK OF JURISDICTION FINDING." Roberts continues

to permit MCAD to enforce her adverse findings notwithstanding Plaintiff's subsequent rebuttal and the unlawful practice of law upon which Roberts relied. Plaintiff now faces an October 26, 2026 appeal deadline. Challenging only Roberts's purported lack of jurisdiction exposes Plaintiff to the risk that Roberts's additional adverse findings will be treated as conceded, while addressing Kostek's purported defenses risks ratifying her unlawful practice of law and illegal representation of 10 Respondents. By continuing to enforce her September 14, 2026 purported "LACK OF JURISDICTION FINDING" and refusing to withdraw her adjudication of Kostek's illegal purported Position Statement, Defendant Lila L. Roberts aids and abets Ann Kostek's unlawful practice of law, aids and abets Ann Kostek's illegal representation of 10 Respondents, deprives Plaintiff of her First Amendment right to petition the government for redress of grievances and Fourteenth Amendment right to due process, threatens the preservation of Plaintiff's timely filed civil rights claims under the 300-day statute of limitations, and causes immediate and ongoing irreparable injury requiring prospective injunctive relief.

(129) Defendant Andrew M. Berthiaume ("Berthiaume"), a nonlawyer MCAD Investigator, unlawfully converted a request for an alternate administrative contact into his personal appointment of Ann Kostek as Duly Authorized Representative for UMass Amherst and nine individual Respondents in Plaintiff's formal civil rights

investigation. On March 24, 2026, Attorney Jeremy M. Forgue, Executive Director of Human Resources for Administration and Finance at UMass Amherst, requested that MCAD designate Kostek, another nonlawyer employed in Human Resources, solely as an alternate point of contact, stating, "I am not the individual who is supposed to provide a response on behalf of the University." [Sealed, Supplemental Investigative File 2, p. 7, March 24, 2026, Ex. 4.] On March 25, 2026, Berthiaume confirmed, "I have contacted MCAD IT and requested that they input Ann Kostek as the point of contact for Respondent." [*id.*, p. 9.] Neither Forgue nor any actual Respondent appointed Kostek as Duly Authorized Representative. Nevertheless, on June 15, 2026, Berthiaume illegally appointed Kostek as DAR in violation of 804 CMR § 1.02 (2020), admitting, "I have also added you onto the case as a Duly Authorized Representative." [Sealed, Supplemental Investigative File 2, p. 91, June 15, 2026, Ex. 4.] MCAD immediately issued official notices falsely declaring that UMass Amherst had appointed Kostek. [id., pp. 88-89.] Berthiaume thereby illegally enabled Kostek's unlawful practice of law for UMass Amherst and nine individual Respondents without authorization from any of them. Berthiaume subsequently refused to strike Kostek's illegal purported Position Statement. MCAD continues to acknowledge Berthiaume's illegal appointment and rely upon Kostek's illegal purported Position Statement, forcing Plaintiff to answer findings derived from their unlawful acts by October 26,

2026, or face closure of her civil rights proceeding. Defendants thereby continue to deprive Plaintiff of her First Amendment right to petition and her Fourteenth Amendment rights to due process and equal protection of the laws, causing ongoing irreparable constitutional injury.

(130) On June 15, 2026, Berthiaume informed Kostek: "I have reopened the task to submit the Position Statement. I have also added you onto the case as a Duly Authorized Representative." Under the MCAD regulation then in effect, a Duly Authorized Representative required authority from a party. (804 CMR § 1.02 (2020).) Berthiaume was not a Respondent, did not represent the ten Respondents as their attorney, and possessed no party authority to appoint Kostek to practice law on their behalf. Through his purported appointment, Berthiaume undertook to confer legal representative authority belonging exclusively to the Respondents and enabled a nonlawyer to file substantive legal defenses for all ten. His exercise of that purported legal authority constituted participation in the unlawful practice of law and direct assistance to Kostek's illegal representation. The resulting appointment remains part of the official MCAD record and continues to cause irreparable injury to Plaintiff's First and Fourteenth Amendment rights.

(131) Berthiaume personally engaged in the unlawful practice of law by usurping the ten Respondents' exclusive right to authorize legal representation and purporting to empower nonlawyer Kostek to defend them in the formal MCAD

investigation. On June 15, 2026, Berthiaume admitted his unlawful appointment in writing, informing Kostek, "I have reopened the task to submit the Position Statement. I have also added you onto the case as a Duly Authorized Representative." [Sealed, Berthiaume's DAR Email, p. 91, June 15, 2026, Ex. 4.] An MCAD Investigator possesses no legal authority to appoint a representative for any Respondent under 804 CMR § 1.02 (2020). Massachusetts law prohibits nonlawyers from practicing law and reserves exclusive authority over the practice of law to the judicial branch. (G.L. c. 221, § 46A; *Lowell Bar Ass'n v. Loeb* (1943) 315 Mass. 176, 179-180.) Berthiaume nevertheless corrupted the official MCAD investigative record by exercising legal authority he did not possess. He enabled Kostek to assert substantive legal defenses and demand dismissal on behalf of ten Respondents who never authorized her representation. He accepted her illegal purported Position Statement and refused to strike it after Plaintiff challenged Kostek's unlawful practice of law. Berthiaume's illegal conduct corrupted the official MCAD investigative record and continues to obstruct and deprive Plaintiff of her First Amendment right to petition and deprives her of due process and equal protection of laws guaranteed her by the Fourteenth Amendment to the U.S. Constitution.

(132) Berthiaume's illegal June 15, 2026 purported DAR appointment caused MCAD to issue two official notices attributing his unlawful act to UMass Amherst. The first

declared, "UMASS-Amherst has appointed Ann Kostek to be their duly authorized representative ('DAR') in the above-referenced case," which was knowingly and materially false in all respects. The second falsely informed Kostek that UMass Amherst had appointed her. [Sealed, MCAD DAR Notices, pp. 88-89, June 15, 2026, Ex. 4.] UMass Amherst never made such an appointment. The official notices are blatant forgeries corrupting the official MCAD investigative record. Andrew M. Berthiaume personally purported to appoint Ann Kostek and illegally altered MCAD's computer system in furtherance of his unlawful practice of law and forgery. MCAD's official notices concealed Berthiaume's unlawful practice of law. The two forged notices remain part of the official MCAD investigative record, perpetuating Berthiaume's forgery and Kostek's illegal representation of ten Respondents while corrupting the official record Plaintiff must confront in her administrative appeal by October 26, 2026.

(133) Attorney-Defendant Lila L. Roberts ("Roberts") is MCAD's Chief of Investigations, not a Commissioner. Roberts possessed unrestricted access to the entire official MCAD investigative record. Her September 14, 2026 purported "LACK OF JURISDICTION FINDING" relied upon Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement," establishing Roberts's access to the same official record containing Plaintiff's formal objections, emergency motions, and evidence of Kostek's unlawful practice of law. [Sealed,

Lack of Jurisdiction Finding, p. 1, Sep. 14, 2026, Ex. 2.] Roberts therefore had immediate access to every warning Plaintiff filed through her DAR before Roberts terminated the investigation. On August 17, 2026, Plaintiff filed formal objections challenging MCAD's secret exclusion of nine Respondents, Kostek's illegal representation of those Respondents, and the corruption of the official investigative record. [Sealed, Complainant's Objections and Emergency Motion, pp. 21-22, Aug. 17, 2026, Ex. 5.] On August 25, 2026, Plaintiff directed an Emergency Motion to Strike to Chair and Investigating Commissioner Sunila Thomas George and Investigator Andrew M. Berthiaume, establishing Kostek's unlawful practice of law under General Laws chapter 221, § 46A, identifying the absence of authorization from all ten Respondents, and demanding immediate removal of Kostek's entire illegal purported Position Statement before MCAD issued any investigative disposition. [Sealed, Emergency Motion to Strike, pp. 2-4, Aug. 25, 2026, Ex. 11.] On August 26, 2026, Berthiaume acknowledged and rejected Plaintiff's demand, declaring the Motion "DENIED at this time." [Sealed, MCAD Denial of Emergency Motion to Strike, p. 2, Aug. 26, 2026, Ex. 12.] MCAD had actual written notice of Kostek's unlawful practice of law and Plaintiff's urgent demand for corrective action. Roberts nevertheless fails and refuses to strike Kostek's illegal purported Position Statement from the official investigative record and continues to acknowledge it as UMass Amherst's affirmed defense.

Roberts maintains her September 14, 2026 falsified Finding as MCAD's operative termination of Plaintiff's investigation. MCAD now requires Plaintiff to challenge Roberts's falsified Finding, arising from Roberts's aiding and abetting of Kostek's unlawful practice of law and illegal purported representation of ten Respondents, by October 26, 2026, or face closure of her civil rights proceeding. Unless enjoined, Roberts will continue to advocate Kostek's illegal filings and her own falsified Finding as the official basis for terminating Plaintiff's claims, obstructing Plaintiff's First Amendment right to petition and depriving her of Fourteenth Amendment due process of law, causing immediate, continuing, and irreparable constitutional injury.

(134) On September 14, 2026, Roberts knowingly falsified the procedural history of Plaintiff's investigation by declaring, "Respondent filed a Position Statement in response to the Complaint on June 15, 2026," and claiming MCAD reviewed "the Respondent's affirmed Position Statement." [Sealed, Lack of Jurisdiction Finding, p. 1, Sep. 14, 2026, Ex. 2.] Both representations were materially false. UMass Amherst never signed or affirmed Kostek's illegal purported Position Statement, and none of the nine individual Respondents authorized Kostek to represent them. Roberts nevertheless treated Kostek's illegal purported Position Statement for all ten Respondents as UMass Amherst's affirmed defense in her official Finding. Roberts further terminated the

investigation on September 14, 2026, twelve days before Plaintiff's authorized September 26, 2026 rebuttal deadline, depriving Plaintiff of the opportunity MCAD had granted her to challenge Kostek's illegal purported Position Statement and unlawful representation of ten Respondents. [Sealed, MCAD Rebuttal Extension Notice, p. 188, Aug. 27, 2026, Ex. 4.] Roberts thereby knowingly aids and abets Ann Kostek's unlawful practice of law and illegal representation of ten Respondents through her official Finding, which she continues to maintain as MCAD's operative disposition while depriving Plaintiff of a meaningful opportunity to be heard and perpetuating the flagrant deprivation of Plaintiff's constitutional rights secured by the First and Fourteenth Amendments.

(135) Roberts then used her falsified "LACK OF JURISDICTION FINDING" to adjudicate the factual and legal defenses advanced in Kostek's illegal purported Position Statement. Roberts rejected Plaintiff's disability discrimination claim and declares Plaintiff's Complaint untimely. Roberts possesses no authority as Chief of Investigations to exercise the adjudicatory powers reserved to a Commissioner under General Laws chapter 151B, § 5 and indisputably exceeds her authority. Roberts nevertheless purports to determine the alleged merits of Kostek's illegal defenses while simultaneously declaring MCAD lacked jurisdiction to adjudicate Plaintiff's Complaint. Roberts deliberately uses her false jurisdictional disposition to terminate the investigation and exonerates UMass Amherst

and the nine illegally removed Respondents. Roberts purports to fabricate a knowingly and materially false ruling on the so-called merits of Kostek's illegal purported Position Statement after declaring that MCAD lacked jurisdiction to adjudicate Plaintiff's discrimination, sexual harassment, and disability Complaint. Roberts attempts to manufacture a false future *res judicata* defense for the 10 Respondents Kostek illegally represents. The Massachusetts Supreme Judicial Court holds that a dismissal for lack of jurisdiction does not bar subsequent litigation because the tribunal has not adjudicated the substantive merits. (*Wright Machine Corp. v. Seaman-Andwall Corp.* (1974) 364 Mass. 683, 693-694.) But in *Rose*, the court dismissed the plaintiff's claim as barred by the statute of limitations while declaring itself "without jurisdiction." The First Circuit nevertheless held, "Massachusetts would treat this particular limitations-based dismissal as one with claim-preclusive effect." (*Rose v. Town of Harwich* (1st Cir. 1985) 778 F.2d 77, 80-81.) Roberts likewise declares Plaintiff's discrimination claims untimely while purporting to dismiss for lack of jurisdiction and simultaneously purports to adjudicate the defenses Kostek illegally asserted on behalf of ten Respondents. Roberts thereby creates an immediate danger that UMass Amherst and the nine individual Respondents will invoke her unlawful statute-of-limitations determination as *res judicata* to defeat Plaintiff's civil rights, disability discrimination, and sexual harassment

claims in future proceedings. (*Rose*, supra, 778 F.2d at pp. 80-81.) Roberts knowingly refuses to withdraw her falsified Finding and strike Kostek's illegal purported Position Statement to continue to shield UMass Amherst and nine individual Respondents from disability, discrimination, sexual harassment, and civil rights claims. Roberts thereby protects UMass Amherst and the nine individual Respondents by arming them with a fabricated *res judicata* defense to assert against Plaintiff's civil rights claims in future proceedings, creating an immediate and continuing threat of irreparable injury. Attorney-Defendant Lila L. Roberts thus transforms Kostek's unlawful practice of law, illegal purported Position Statement, and illegal representation of 10 Respondents into an official act of the Commonwealth under color of state law and continues to deprive Plaintiff of her constitutional rights to petition the government for redress of grievances, to due process of law, and to equal protection of the laws.

(136) Roberts compounds her unlawful conduct by publicly disclosing Plaintiff's confidential disability-related medical conditions in her September 14, 2026 Finding without Plaintiff's authorization. [Sealed, Lack of Jurisdiction Finding, p. 1, Sep. 14, 2026, Ex. 2.] Roberts knowingly fails and refuses to redact Plaintiff's confidential medical information while Plaintiff pursues her disability discrimination claims. Roberts thereby continues to expose Plaintiff's private medical conditions to public scrutiny and interferes with Plaintiff's exercise of rights

protected by the Americans with Disabilities Act, in violation of 42 U.S.C. § 12203(b) and 28 C.F.R. § 35.134(b). Unless enjoined, Roberts will continue to expose Plaintiff's confidential disability-related medical information, threaten her future educational and employment opportunities, and interfere with her pursuit of ADA protections, causing immediate, continuing, and irreparable injury.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF FIRST AMENDMENT RIGHTS TO FREEDOM OF SPEECH AND TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES**
**42 U.S.C. § 1983**
**Against All Defendants in Their Official Capacities**

(137) Plaintiff repeats, realleges, and incorporates by reference paragraphs (116) through (136), as though fully set forth herein.

(138) Plaintiff exercised her First Amendment right of freedom of speech and to petition the Commonwealth of Massachusetts for redress of grievances by filing her verified MCAD Complaint, challenging MCAD's illegal exclusion of nine individual Respondents, challenging Berthiaume's illegal appointment of Ann Kostek as Duly Authorized Representative, filing formal objections on August 17, 2026, demanding removal of Ann Kostek's illegal purported Position Statement through her August 25, 2026 Emergency Motion to Strike, and challenging Lila L. Roberts's September 14, 2026 purported "LACK OF JURISDICTION FINDING." The First Amendment protects access to administrative agencies and courts for redress of grievances. (*California Motor Transport Co. v. Trucking*

*Unlimited* (1972) 404 U.S. 508, 510-511; *Najas Realty, LLC v. Seekonk Water District* (1st Cir. 2016) 821 F.3d 134, 141.)

(139) Defendants, acting under color of Massachusetts law, Attorney Jeremy M. Forgue knowingly assigns the legal defense of all ten Respondents to nonlawyer Kostek and continues to enable her unlawful practice of law, knowingly obstruct Plaintiff's exercise of her First Amendment right to petition MCAD. Defendants David A. Lowy and Timothy A. Rucki continue to enable Ann Kostek's unlawful practice of law and illegal representation of ten Respondents through her June 15, 2026 purported Position Statement. Kostek continues to assert legal defenses and demand dismissal on behalf of ten Respondents who never authorized her representation. Defendants continue to acknowledge Kostek's illegal purported Position Statement as an operative legal defense for ten Respondents against Plaintiff's verified civil rights Complaint.

(140) Defendant Andrew Espinosa continues to exclude nine individually named Respondents from Plaintiff's formal investigation without restoring their participation or correcting the official investigative record. Espinosa unlawfully removed the nine Respondents without notice to Plaintiff or affording Plaintiff an opportunity to be heard. This exclusion particularly injures Plaintiff because she accuses two of the excluded Respondents of sexual harassment. Defendant Andrew M. Berthiaume illegally

appointed Kostek as Duly Authorized Representative, caused MCAD to issue official notices falsely attributing his appointment to UMass Amherst, and refuses to strike Kostek's illegal purported Position Statement after receiving Plaintiff's written objections. Defendant Sunila Thomas George, MCAD Chair and Commissioner, continues to permit MCAD to recognize Kostek's illegal representation and Roberts's falsified Finding notwithstanding Plaintiff's formal demands for corrective action.

(141) Defendant Lila L. Roberts received Plaintiff's documented objections and emergency motions through the official MCAD investigative record. Roberts nevertheless adopted Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement," adjudicated factual and legal defenses asserted through Kostek's unlawful practice of law, and issued her September 14, 2026 purported "LACK OF JURISDICTION FINDING" twelve days before Plaintiff's authorized rebuttal deadline. Roberts presently fails and refuses to strike Kostek's illegal filing, withdraw her falsified Finding, or cease giving official effect to Kostek's illegal representation of ten Respondents.

(142) Defendants' deliberate acts obstruct Plaintiff's petitions seeking removal of Kostek's illegal purported Position Statement and correction of the official MCAD record. Defendants instead continue to use the very unlawful representation Plaintiff challenged as the basis for terminating her investigation. MCAD now requires

Plaintiff to submit preliminary appeal documentation challenging Roberts's falsified Finding by October 26, 2026, or face closure of her civil rights proceeding. Defendants thereby force Plaintiff to confront the purported merits of legal defenses advanced through Kostek's unlawful practice of law, illegal purported Position Statement, and illegal representation of ten Respondents while refusing to adjudicate Plaintiff's demands to strike all filings of Ann Kostek from the official MCAD investigative record. Defendants' continuing acts obstruct and deprive Plaintiff of her freedom of speech and to petition the government for redress of grievances and threaten the immediate loss of claims she timely presented to MCAD.

(143) Each Defendant personally participates in the continuing unlawful conduct alleged herein through the official authority identified in this Complaint. Defendants knowingly continue to recognize Kostek's claimed representative authority, obstruct Plaintiff's formal objections to her illegal representation, and preserve Roberts's falsified Finding as the operative disposition of Plaintiff's civil rights investigation. Their continuing official conduct deprives Plaintiff of her First Amendment right to petition for redress of grievances under color of state law, in violation of 42 U.S.C. § 1983.

(144) Defendants' deliberate indifference to Plaintiff's First and Fourteenth Amendment rights is established by their actual knowledge of the specific

unlawful acts, repeated written notice of the resulting constitutional deprivations, and continuing refusal to take corrective action. Plaintiff's August 17, 2026 formal objections and August 25, 2026 Emergency Motion to Strike identified Espinosa's illegal exclusion of nine individual Respondents without notice or opportunity to be heard, Berthiaume's unlawful appointment of nonlawyer Ann Kostek as Duly Authorized Representative, MCAD's false official appointment notices, and Kostek's unlawful practice of law through her June 15, 2026 purported Position Statement filed on behalf of ten Respondents. Berthiaume rejected Plaintiff's Emergency Motion on August 26, 2026, declaring it "DENIED at this time." Roberts thereafter issued her September 14, 2026 falsified "LACK OF JURISDICTION FINDING," adopted Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement," and terminated Plaintiff's investigation twelve days before her authorized September 26, 2026 rebuttal deadline. Lowy and Rucki received formal written notice on September 18, 2026 and continue to maintain Kostek's illegal representation. George received Plaintiff's August 25, 2026 Emergency Motion and September 23, 2026 Notice of Preliminary Appeal, yet continues to permit official reliance upon Kostek's illegal filing and Roberts's falsified Finding. Espinosa continues to exclude the nine Respondents, and Kostek continues to retain the benefit of her unlawful practice of law and illegal representation of ten Respondents. Defendants thus possess actual notice of

the particular constitutional injuries their own acts perpetuate, yet knowingly maintain the very conditions causing those injuries. Their deliberate indifference is further demonstrated by MCAD's October 22, 2026 official notice requiring Plaintiff to appeal Roberts's falsified Finding by October 26, 2026, at 5:00 p.m., or face closure of her civil rights proceeding. Defendants' knowing refusal to correct their identified unlawful acts, despite repeated notice and the imminent destruction of Plaintiff's opportunity to pursue her timely filed claims, constitutes deliberate indifference to her continuing constitutional deprivations and creates an immediate threat of irreparable injury requiring prospective injunctive relief.

(145) Unless immediately restrained, Defendants will continue to validate Kostek's unlawful practice of law, illegal purported Position Statement, and illegal representation of ten Respondents, enforce Roberts's falsified Finding as the termination of Plaintiff's investigation, and subject Plaintiff to the imminent October 26, 2026 administrative deadline and resulting risk of closure of her civil rights proceeding. Plaintiff faces immediate, continuing, and irreparable constitutional injury from Defendants' ongoing interference with her protected petitions. Plaintiff therefore seeks a temporary restraining order under Federal Rule of Civil Procedure 65(b) preserving the status quo, prohibiting further official reliance upon Kostek's illegal representation and Roberts's challenged Finding, and preventing enforcement of

the October 26, 2026 deadline or adverse consequences arising from its expiration pending adjudication of Plaintiff's motion for a preliminary injunction. Plaintiff further seeks permanent prospective injunctive relief prohibiting the continuing constitutional violations alleged herein.

**<u>SECOND CAUSE OF ACTION</u>**
**DEPRIVATION OF FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS**
**42 U.S.C. § 1983**
**<u>Against All Defendants in Their Official Capacities</u>**

(146) Plaintiff repeats, realleges, and incorporates by reference paragraphs (137) through (145), as though fully set forth herein.

(147) Plaintiff possesses a constitutionally protected property interest in her timely filed civil rights claims and the statutory opportunity to pursue those claims through the Massachusetts Commission Against Discrimination ("MCAD"). Plaintiff filed her verified Complaint on August 12, 2025, identifying UMass Amherst and nine individual Respondents. [Sealed, Verified MCAD Complaint, Aug. 12, 2025, Ex. 1.] The United States Supreme Court holds that "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause." (*Logan v. Zimmerman Brush Co.* (1982) 455 U.S. 422, 428-433.) The Fourteenth Amendment prohibits state officials from extinguishing a protected civil rights claim through administrative action without constitutionally adequate notice and a meaningful

opportunity to be heard. (*Id.*, pp. 433-437; *Mathews v. Eldridge* (1976) 424 U.S. 319, 333-335.)

(148) Defendant Andrew Espinosa, MCAD Deputy Chief of Investigations, excluded Michael A. Fox, Kerri Thompson Tillett, Karen Moré, Timothy A. Rucki, James "Jim" Barna, Shao Yu "Dora" Tseng, Jacqueline Deiana, Robert J. Skalbite, and Hannah Lydotes from Plaintiff's verified Complaint without issuing written determinations, notifying Plaintiff of their removal, or affording her an opportunity to contest their exclusion. Two of the excluded Respondents are accused of sexual harassment in Plaintiff's verified Complaint. On August 21, 2026, MCAD Clerk Theresa Lepore identified Espinosa as the official responsible for excluding the nine Respondents. Espinosa continues to exclude those individuals from the official investigation while MCAD recognizes legal defenses purportedly filed on their behalf by nonlawyer Ann Kostek. Espinosa's continued exclusion deprives Plaintiff of a meaningful opportunity to prosecute her timely filed claims against the nine Respondents and challenge their removal before MCAD terminates her proceeding.

(149) Defendant Andrew M. Berthiaume, MCAD Investigator, converted UMass Amherst's March 24, 2026 request to designate Kostek as an alternate administrative point of contact into his personal appointment of Kostek as Duly Authorized Representative. On March 25, 2026, Berthiaume confirmed the administrative point-of-contact designation. On June 15, 2026, Berthiaume admitted, "I have

reopened the task to submit the Position Statement. I have also added you onto the case as a Duly Authorized Representative." [Sealed, Supplemental Investigative File 2, pp. 7, 9, 91, Ex. 4.] Berthiaume possessed no authority from UMass Amherst or any of the nine individual Respondents to appoint Kostek to practice law on their behalf. MCAD subsequently issued two official notices falsely attributing Kostek's appointment to UMass Amherst. [*id.*, pp. 88-89.] Berthiaume continues to maintain his illegal appointment and the false official notices, permitting Kostek's unlawful practice of law and illegal representation of ten Respondents to remain operative against Plaintiff's verified Complaint.

(150) Defendant Ann Kostek, a nonlawyer Human Resources employee of UMass Amherst, used Berthiaume's illegal appointment to file her 26-page purported Position Statement on June 15, 2026. Kostek signed and affirmed the document under the pains and penalties of perjury, asserted factual and legal defenses on behalf of 10 Respondents, reserved their legal rights, and requested dismissal of Plaintiff's Complaint in its entirety. No Respondent signed or affirmed Kostek's purported Position Statement, no attorney signed the document, and no Respondent filed an appointment authorizing Kostek to undertake legal representation. [Sealed, Ann Kostek's Position Statement, pp. 1-2, 25-26, Jun. 15, 2026, Ex. 3.] Kostek continues to assert the benefit of her illegal purported Position Statement through the official MCAD investigative record.

Plaintiff is thereby required to confront factual and legal defenses purportedly asserted by 10 Respondents who never authorized Kostek's representation, while MCAD fails and refuses to determine the legality of that representation before giving her filing official effect.

(151) Defendants David A. Lowy and Timothy A. Rucki, attorneys responsible for UMass Amherst's legal representation, knowingly continue to assist Kostek's unlawful practice of law. Attorney Jeremy M. Forgue knowingly assigned the legal defense of all ten Respondents to Kostek and continues to permit her illegal representation. Rucki previously undertook the University's legal representation concerning Plaintiff's civil rights claims through his January 29 and January 30, 2024 communications with Plaintiff's former attorney. Lowy, as General Counsel and chief legal officer, subsequently permitted nonlawyer Kostek to undertake the University's formal legal defense before MCAD. Neither attorney signed Kostek's June 15, 2026 purported Position Statement. On September 18, 2026, Plaintiff's DAR served Lowy and Rucki with formal written notice identifying Kostek's unlawful practice of law, Berthiaume's illegal appointment, and Roberts's September 14, 2026 falsified Finding. Lowy and Rucki continue to maintain Kostek's illegal purported Position Statement rather than withdraw the legal defenses she asserted for ten Respondents. Their continued assistance preserves the illegal filing upon which MCAD relies to deprive Plaintiff of meaningful

administrative consideration of her civil rights claims.

(152) On August 17, 2026, Plaintiff filed formal objections and an emergency motion challenging MCAD's exclusion of the nine individual Respondents, Berthiaume's illegal appointment of Kostek, and Kostek's unlawful practice of law. [Sealed, Complainant's Objections and Emergency Motion, Aug. 17, 2026, Ex. 5.] On August 25, 2026, Plaintiff filed her Emergency Motion to Strike Ann Kostek's illegal purported Position Statement, expunge her filings, correct the official investigative record, and bar her continued illegal representation. On August 26, 2026, Berthiaume rejected the requested relief, stating that Plaintiff's Emergency Motion was "DENIED at this time." [Sealed, MCAD Request Closed, Aug. 26, 2026.] On August 27, 2026, MCAD granted Plaintiff's request for additional time to file her rebuttal concerning Ann Kostek's illegal participation in this case, extending the deadline to September 26, 2026, at 5:00 p.m. Eastern Time. [Sealed, Supplemental Investigative File 2, p. 188, Ex. 4.] MCAD again confirmed that deadline on September 14, 2026. Plaintiff therefore possessed a specific, unexpired opportunity to challenge Kostek's illegal participation before MCAD issued its investigative disposition.

(153) Defendant Lila L. Roberts, MCAD Chief of Investigations and an attorney, possessed access to Plaintiff's August 17, 2026 formal objections, August 25, 2026 Emergency Motion to Strike, and the official investigative correspondence establishing Berthiaume's

illegal appointment of Kostek. Roberts nevertheless signed her September 14, 2026 purported "LACK OF JURISDICTION FINDING" twelve days before Plaintiff's September 26, 2026 rebuttal deadline. Roberts identified Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement," adopted factual and legal defenses asserted through Kostek's unlawful practice of law, rejected Plaintiff's disability discrimination claim, and declared Plaintiff's Complaint untimely. [Sealed, Lack of Jurisdiction Finding, pp. 1-2, Sep. 14, 2026, Ex. 2.] Roberts thereby terminated Plaintiff's investigation before expiration of the very period MCAD granted Plaintiff to challenge Kostek's illegal participation. Roberts continues to maintain her falsified Finding without withdrawing the adverse determinations obtained through Kostek's unlawful practice of law or restoring Plaintiff's denied opportunity to be heard.

(154) Defendant Sunila Thomas George, MCAD Chair and Commissioner, possesses official responsibility for the administration of MCAD proceedings under General Laws chapter 151B, § 5. Plaintiff's August 25, 2026 Emergency Motion to Strike was addressed to George and Berthiaume and specifically demanded intervention before MCAD issued any investigative disposition. On September 23, 2026, Plaintiff filed her Notice of Preliminary Appeal addressed to George, identifying Espinosa's illegal exclusion of nine Respondents, Berthiaume's unlawful appointment of Kostek, Kostek's illegal representation of ten Respondents, and

Roberts's premature Finding. Plaintiff further sought an extension to submit her written preliminary appeal on September 25, 2026. George continues to permit MCAD to maintain Kostek's illegal purported Position Statement, the false DAR appointment notices, and Roberts's falsified Finding as operative official records while Plaintiff faces an imminent deadline threatening closure of her civil rights proceeding.

(155) On October 22, 2026, MCAD issued Plaintiff an official Case Portal task entitled "File Preliminary Appeal Documentation," establishing October 26, 2026, at 5:00 p.m. as the deadline for Plaintiff to submit a written explanation challenging Roberts's September 14, 2026 Finding. MCAD acknowledged Plaintiff's prior notice of appeal but declared, "your appeal is not complete without a written explanation." The official notice further warned, "If you do not submit a written appeal within 14 days, your case will be closed." [MCAD Case Task, File Preliminary Appeal Documentation, Oct. 22, 2026, Ex. 10.] MCAD thus requires Plaintiff to prosecute an administrative appeal against a falsified Finding derived from Kostek's unlawful practice of law, illegal purported Position Statement, and illegal representation of 10 Respondents, despite MCAD's prior refusal to adjudicate Plaintiff's objections to those unlawful acts. The October 26, 2026 deadline presents an immediate and specific danger of administrative closure and loss of Plaintiff's timely filed claims.

(156) Defendants' continuing conduct deprives

Plaintiff of the opportunity to be heard "at a meaningful time and in a meaningful manner," as required by the Fourteenth Amendment. (*Logan*, supra, 455 U.S. at pp. 433-437.) Espinosa continues to exclude nine Respondents without notice or hearing; Berthiaume continues to validate his illegal appointment of Kostek and MCAD's false official appointment notices; Kostek continues to assert legal defenses for ten Respondents without authorization; Lowy and Rucki continue to maintain her illegal filing; Forgue continues to enable Kostek's illegal representation of ten Respondents; Roberts continues to enforce her premature Finding; and George continues to maintain the resulting administrative disposition despite Plaintiff's formal demands for corrective action. Defendants thereby place Plaintiff's timely filed civil rights claims at immediate risk of closure through an administrative process in which MCAD first denied her authorized opportunity to challenge Kostek's illegal participation and now requires her to appeal the resulting adverse Finding. Their continuing acts deprive Plaintiff of Fourteenth Amendment due process under color of Massachusetts law, in violation of 42 U.S.C. § 1983.

(157) Defendants' deliberate indifference to Plaintiff's First and Fourteenth Amendment rights is established by their actual knowledge of the specific unlawful acts, repeated written notice of the resulting constitutional deprivations, and continuing refusal to take corrective action. Plaintiff's August 17, 2026 formal

objections and August 25, 2026 Emergency Motion to Strike identified Espinosa's illegal exclusion of nine individual Respondents without notice or opportunity to be heard, Berthiaume's unlawful appointment of nonlawyer Ann Kostek as Duly Authorized Representative, MCAD's false official appointment notices, and Kostek's unlawful practice of law through her June 15, 2026 purported Position Statement filed on behalf of ten Respondents. Berthiaume rejected Plaintiff's Emergency Motion on August 26, 2026, declaring it "DENIED at this time." Roberts thereafter issued her September 14, 2026 falsified "LACK OF JURISDICTION FINDING," adopted Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement," and terminated Plaintiff's investigation twelve days before her authorized September 26, 2026 rebuttal deadline. Lowy and Rucki received formal written notice on September 18, 2026 and continue to maintain Kostek's illegal representation. George received Plaintiff's August 25, 2026 Emergency Motion and September 23, 2026 Notice of Preliminary Appeal, yet continues to permit official reliance upon Kostek's illegal filing and Roberts's falsified Finding. Espinosa continues to exclude the nine Respondents, and Kostek continues to retain the benefit of her unlawful practice of law and illegal representation of ten Respondents. Defendants thus possess actual notice of the particular constitutional injuries their own acts perpetuate, yet knowingly maintain the very conditions causing those injuries. Their deliberate indifference is

further demonstrated by MCAD's October 22, 2026 official notice requiring Plaintiff to appeal Roberts's falsified Finding by October 26, 2026, at 5:00 p.m., or face closure of her civil rights proceeding. Defendants' knowing refusal to correct their identified unlawful acts, despite repeated notice and the imminent destruction of Plaintiff's opportunity to pursue her timely filed claims, constitutes deliberate indifference to her continuing constitutional deprivations and creates an immediate threat of irreparable injury requiring prospective injunctive relief.

(158) Unless immediately restrained, Defendants will continue to recognize Kostek's illegal representation of ten Respondents, rely upon her illegal purported Position Statement, maintain Roberts's falsified September 14, 2026 Finding, and enforce the October 26, 2026 deadline requiring Plaintiff to submit a written appeal or face closure of her civil rights proceeding. Plaintiff faces the imminent loss of her timely filed claims and continuing deprivation of her Fourteenth Amendment right to due process of law. Monetary damages will not restore the opportunity MCAD denied Plaintiff before issuing Roberts's Finding or protect her original filing date from the threatened administrative closure. Plaintiff therefore seeks a temporary restraining order under Federal Rule of Civil Procedure 65(b) preserving the status quo, prohibiting further official reliance upon Kostek's unlawful practice of law, illegal purported Position Statement, and illegal representation of ten Respondents,

restraining further enforcement of Roberts's challenged Finding, and preventing expiration or enforcement of the October 26, 2026 deadline and any resulting closure pending adjudication of Plaintiff's motion for a preliminary injunction. Plaintiff further seeks permanent prospective injunctive relief prohibiting Defendants' continuing deprivation of her Fourteenth Amendment right to due process of law.

(159) Defendants also deprive Plaintiff of equal protection of the laws by intentionally protecting UMass Amherst and its nine individual Respondents from Plaintiff's civil rights claims while denying Plaintiff equal treatment in MCAD Docket No. 25SPA02929 because she is Black.

(160) Plaintiff is a Black woman with permanent disabilities who filed her verified MCAD Complaint on August 12, 2025, identifying UMass Amherst and nine individual Respondents and alleging racial segregation, disability discrimination, sexual harassment, retaliation, and other civil rights violations. [Sealed, Verified MCAD Complaint, Aug. 12, 2025, Ex. 1.] Defendants received notice of Plaintiff's race, disabilities, and allegations through her verified Complaint, subsequent formal objections, and written demands for corrective action. Plaintiff alleges that Defendants intentionally discriminated against her in the administration of MCAD Docket No. 25SPA02929 while protecting UMass Amherst and the nine individual Respondents accused of violating her

civil rights. The Fourteenth Amendment prohibits intentional racial discrimination in the administration of state law. (*Yick Wo v. Hopkins* (1886) 118 U.S. 356, 373-374; *Village of Arlington Heights v. Metropolitan Housing Development Corp.* (1977) 429 U.S. 252, 265-268.)

(161) Defendants intentionally accord UMass Amherst and the nine individual Respondents favorable treatment within Plaintiff's MCAD investigation while denying Plaintiff equal protection in the consideration of her verified Complaint and formal objections. MCAD excluded nine individually named Respondents without notifying Plaintiff or affording her an opportunity to contest their removal. MCAD nevertheless accepted Ann Kostek's 26-page illegal purported Position Statement illegally asserting factual and legal defenses on behalf of all ten Respondents, although no Respondent appointed Kostek to represent them and none signed or affirmed her filing. [Sealed, Ann Kostek's Position Statement, pp. 1-2, 25-26, Jun. 15, 2026, Ex. 3.] MCAD then treated Kostek's illegal purported Position Statement as an operative legal defense while refusing to adjudicate Plaintiff's formal objections to Kostek's unlawful practice of law and illegal representation of 10 Respondents. Defendants thereby afforded the 10 Respondents the benefit of legal defenses advanced without their authorization while denying Plaintiff meaningful consideration of her objections to the legality of those defenses.

(162) Defendants David A. Lowy, Timothy A. Rucki,

and Jeremy M. Forgue knowingly preserve this unequal treatment. Rucki undertook UMass Amherst's legal representation concerning Plaintiff's civil rights claims through his January 29 and January 30, 2024 communications with Plaintiff's former attorney. Forgue knowingly assigned the legal defense of all ten Respondents to nonlawyer Kostek; Lowy subsequently permitted nonlawyer Human Resources employee Kostek to conduct the University's legal defense before MCAD. On June 15, 2026, Kostek filed her illegal purported Position Statement for UMass Amherst and nine individual Respondents without the signature of Lowy, Rucki, or any other attorney. On September 18, 2026, Plaintiff's DAR served Lowy and Rucki with formal written notice identifying Kostek's unlawful practice of law, Berthiaume's illegal appointment, and Roberts's September 14, 2026 falsified Finding. Lowy and Rucki continue to maintain Kostek's illegal purported Position Statement rather than withdraw the legal defenses she asserted without authorization from any of the 10 Respondents. Their continued aiding and abetting Kostek's unlawful practice of law protects the University and the nine individual Respondents from the consequences of Kostek's illegal representation of the 10 Respondents while leaving Plaintiff subject to an adverse administrative disposition derived from Kostek's illegal representation.

(163) Defendant Andrew Espinosa deliberately removed nine individual Respondents from Plaintiff's verified MCAD Complaint without written notice, individualized

determinations, or an opportunity for Plaintiff to challenge their exclusion. The Respondents include Michael A. Fox, Kerri Thompson Tillett, Karen Moré, Timothy A. Rucki, James "Jim" Barna, Shao Yu "Dora" Tseng, Jacqueline Deiana, Robert J. Skalbite, and Hannah Lydotes. Two of the excluded Respondents are accused of sexual harassment in Plaintiff's verified Complaint. On August 17, 2026, Plaintiff formally objected to their exclusion and demanded corrective action. [Sealed, Complainant's Objections and Emergency Motion, Aug. 17, 2026, Ex. 5.] On August 21, 2026, MCAD Clerk Theresa Lepore identified Espinosa as the official responsible for their removal. Espinosa continues to exclude the nine Respondents while MCAD recognizes Kostek's legal defenses asserted on their behalf as lawful. Espinosa's continuing unlawful conduct protects the excluded Respondents from individual claims in Plaintiff's Complaint permitting them to retain the benefit of Kostek's illegal representation.

(164) Defendant Andrew M. Berthiaume deliberately gave Kostek favorable treatment by converting UMass Amherst's March 24, 2026 request for an alternate administrative point of contact into an unauthorized appointment as Duly Authorized Representative. On June 15, 2026, Berthiaume admitted, "I have reopened the task to submit the Position Statement. I have also added you onto the case as a Duly Authorized Representative." [Sealed, Supplemental Investigative File 2, p. 91, Jun. 15, 2026, Ex. 4.] MCAD then issued two official notices falsely attributing Berthiaume's appointment of Kostek to UMass

Amherst. [*id.*, pp. 88-89.] Berthiaume accepted Kostek's illegal purported Position Statement on behalf of 10 Respondents without requiring appointments from any of those Respondents. On August 26, 2026, after Plaintiff demanded that MCAD strike Kostek's illegal filings and prohibit her continued participation, Berthiaume denied the Emergency Motion, stating that it was "DENIED at this time." [Sealed, MCAD Request Closed, Aug. 26, 2026.] Berthiaume continues to recognize his illegal appointment of Kostek's and her illegal purported Position Statement, thus granting the 10 Respondents the continuing benefit of legal representation they never authorized while denying Plaintiff's demands to strike all documents in furtherance of the illegal representation.

(165) Defendant Ann Kostek knowingly exploits the unequal treatment created by Espinosa and Berthiaume. Kostek is not an attorney licensed in Massachusetts or any other state, and received no appointment from UMass Amherst or any of the nine individual Respondents to undertake legal their representation. Nevertheless, she signed and affirmed her June 15, 2026 purported Position Statement, asserted factual and legal defenses on behalf of 10 Respondents, and demanded dismissal of Plaintiff's verified Complaint in its entirety. [Sealed, Ann Kostek's Position Statement, pp. 1-2, 25-26, Jun. 15, 2026, Ex. 3.] Kostek continues to obtain the benefit of MCAD's official recognition of her illegal purported Position Statement and illegal representation of 10 Respondents while Plaintiff faces closure of her civil

rights proceeding unless she challenges the adverse Finding derived from Kostek's illegal filings. Kostek's continued advocacy of her illegal representation preserves the preferential treatment conferred upon UMass Amherst and the nine individual Respondents at the expense of Plaintiff's deliberately unadjudicated claims.

(166) Defendant Lila L. Roberts deliberately perpetuated the unequal treatment after receiving Plaintiff's August 17, 2026 formal objections and August 25, 2026 Emergency Motion to Strike Kostek's illegal purported Position Statement. On August 27, 2026, MCAD granted Plaintiff until September 26, 2026, at 5:00 p.m. Eastern Time to submit her rebuttal concerning Ann Kostek's illegal participation in this case. [Sealed, Supplemental Investigative File 2, p. 188, Ex. 4.] MCAD confirmed the September 26, 2026 deadline again on September 14, 2026. Roberts nevertheless issued her purported "LACK OF JURISDICTION FINDING" on September 14, 2026, twelve days before Plaintiff's authorized rebuttal period expired. Roberts treated Kostek's illegal filing as "the Respondent's affirmed Position Statement," accepted factual and legal defenses advanced through Kostek's unlawful practice of law, rejected Plaintiff's disability discrimination claim, and declared Plaintiff's Complaint untimely. [Sealed, Lack of Jurisdiction Finding, pp. 1-2, Sep. 14, 2026, Ex. 2.] Roberts thereby afforded UMass Amherst and nine individual Respondents the benefit of Kostek's illegal legal defenses while depriving Plaintiff of the opportunity MCAD granted her

to challenge Kostek's illegal participation in the case before termination of the investigation.

(167) Roberts compounded that unequal treatment by publicly disclosing Plaintiff's confidential disability related medical conditions in her September 14, 2026 Finding without Plaintiff's authorization. [*id.*, p. 1.] Roberts continues to maintain the Finding containing Plaintiff's confidential medical information and adverse determinations based upon Kostek's illegal purported Position Statement. Roberts thus exposes Plaintiff's private disability related information and medical condition while continuing to protect UMass Amherst and the nine individual Respondents through legal defenses filed by a nonlawyer who never received authority to represent them. Roberts's continued advocacy of the Finding and her continued aiding and abetting Kostek's unlawful practice of law subjects Plaintiff to additional injury while preserving the favorable administrative disposition obtained through Kostek's illegal representation of 10 Respondents.

(168) Defendant Sunila Thomas George, MCAD Chair and Commissioner, received Plaintiff's August 25, 2026 Emergency Motion to Strike addressed to George and Berthiaume, which demanded removal of Kostek's illegal purported Position Statement and correction of the official investigative record before MCAD issued any disposition. On September 23, 2026, Plaintiff filed her Notice of Preliminary Appeal addressed to George, specifically challenging Espinosa's exclusion of nine Respondents,

Berthiaume's illegal appointment of Kostek, Kostek's unlawful practice of law, and Roberts's premature Finding. George continues to permit MCAD to maintain the nine exclusions, the false official DAR appointment notices, Kostek's illegal purported Position Statement, and Roberts's falsified Finding. George continues aiding and abetting Kostek's unlawful practice of law. George thereby preserves the preferential treatment conferred upon UMass Amherst and the nine individual Respondents while permitting MCAD to subject Plaintiff to an imminent administrative deadline threatening termination of her timely filed civil rights proceeding.

(169) Defendants' intentional unequal treatment is demonstrated by their documented departures from established investigative procedures, their actual knowledge of Plaintiff's race and disabilities, and their continued protection of UMass Amherst and nine individual Respondents after Plaintiff demanded correction of the official MCAD record. Espinosa excluded nine Respondents without notice; Forgue assigned the legal defense of ten Respondents to nonlawyer Kostek; Berthiaume appointed Kostek without authorization from any Respondent; MCAD issued false official appointment notices; Kostek filed legal defenses for ten Respondents without their authorization; Berthiaume denied Plaintiff's Emergency Motion to Strike; Roberts adopted Kostek's illegal filing and terminated the investigation before Plaintiff's authorized rebuttal deadline; and George continues to

maintain the resulting official record despite Plaintiff's formal objections and Notice of Preliminary Appeal. Plaintiff alleges that Defendants intentionally maintained this unequal treatment because of Plaintiff's race and her persistent exercise of constitutional rights, protecting the ten Respondents while obstructing her challenges to their illegal representation. The Supreme Court recognizes that departures from established administrative procedures, the timing of official acts, and the circumstances preceding a challenged decision constitute evidence bearing upon discriminatory purpose. (*Village of Arlington Heights*, supra, 429 U.S. at pp. 266-268.) Defendants' continuing intentional discrimination deprives Plaintiff of equal protection of the laws under color of Massachusetts law, in violation of 42 U.S.C. § 1983.

(170) On October 22, 2026, MCAD issued its official Case Portal task entitled "File Preliminary Appeal Documentation," requiring Plaintiff to submit a written explanation challenging Roberts's September 14, 2026 Finding by October 26, 2026, at 5:00 p.m. MCAD acknowledged Plaintiff's prior notice of appeal but warned, "If you do not submit a written appeal within 14 days, your case will be closed." [MCAD Case Task, File Preliminary Appeal Documentation, Oct. 22, 2026, Ex. 10.] Defendants thereby continue to recognize the illegal representation and purported legal defenses of ten Respondents while requiring Plaintiff to appeal the falsified Finding resulting from those very acts or suffer closure of her timely filed civil

rights proceeding. Defendants' continuing preferential treatment of UMass Amherst and the nine individual Respondents threatens the immediate loss of Plaintiff's claims and perpetuates irreparable injury to her Fourteenth Amendment right to equal protection of the laws.

(171) Defendants' deliberate indifference to Plaintiff's Fourteenth Amendment right to equal protection is demonstrated by their actual knowledge of her race, permanent disabilities, verified discrimination and sexual harassment allegations, and repeated written objections identifying the specific unlawful acts benefiting UMass Amherst and the nine individual Respondents. Plaintiff's August 17, 2026 formal objections and August 25, 2026 Emergency Motion to Strike identified Espinosa's illegal exclusion of nine Respondents, Berthiaume's illegal appointment of Kostek, the false official MCAD appointment notices, and Kostek's unlawful practice of law and illegal representation of 10 Respondents. Berthiaume nevertheless denied the Emergency Motion on August 26, 2026; Espinosa continues to exclude the nine Respondents; and Kostek continues to obtain official recognition of her illegal purported Position Statement. Roberts thereafter issued her September 14, 2026 falsified Finding, credited Kostek's illegal purported Position Statement as "the Respondent's affirmed Position Statement," and terminated Plaintiff's investigation twelve days before expiration of her authorized rebuttal period. Lowy and Rucki received formal written notice on September 18, 2026 but continue to

preserve Kostek's illegal representation and the defenses she illegally asserts for ten Respondents. George received Plaintiff's August 25, 2026 Emergency Motion and September 23, 2026 Notice of Preliminary Appeal but continues to permit MCAD to recognize the false appointment notices, Kostek's illegal filing, and Roberts's falsified Finding. Defendants thus knowingly maintain favorable treatment for UMass Amherst and the nine individual Respondents while denying Plaintiff the opportunity to contest their exclusion, challenge Kostek's illegal participation before disposition, and preserve her timely filed civil rights claims without submitting to an administrative appeal of Roberts's falsified Finding. Their deliberate indifference is not an isolated omission or administrative mistake; Plaintiff alleges it is the knowing continuation of unequal treatment after repeated notice of the unlawful acts and their consequences. MCAD's October 22, 2026 notice requiring Plaintiff to appeal by October 26, 2026, at 5:00 p.m., or face closure of her civil rights proceeding establishes the immediate and continuing injury resulting from Defendants' intentional illegal conduct. Defendants' deliberate indifference, coupled with their continued preferential treatment of the 10 Respondents, aiding and abetting Kostek's unlawful practice of law, and deliberate obstruction of Plaintiff's protected rights, constitutes evidence of intentional unequal treatment under color of Massachusetts law and threatens irreparable injury requiring prospective injunctive relief.

(172) Unless immediately restrained, Defendants will continue to recognize Kostek's unlawful practice of law, illegal purported Position Statement, and illegal representation of ten Respondents, give continuing legal effect to Roberts's falsified Finding, and enforce the October 26, 2026 deadline threatening closure of Plaintiff's civil rights proceeding. Plaintiff therefore seeks a temporary restraining order under Federal Rule of Civil Procedure 65(b) preserving the status quo, prohibiting further official reliance upon Kostek's illegal representation and Roberts's challenged Finding, and preventing enforcement of the October 26, 2026 deadline or adverse consequences arising from its expiration pending adjudication of Plaintiff's motion for a preliminary injunction under Rule 65(a). Plaintiff further seeks permanent prospective injunctive relief prohibiting Defendants' continuing deprivation of her Fourteenth Amendment right to equal protection of the laws.

## THIRD CAUSE OF ACTION
## CONSPIRACY TO DEPRIVE PLAINTIFF OF FIRST AMENDMENT RIGHTS TO FREEDOM OF SPEECH AND TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES
## 42 U.S.C. § 1985(3)
## Against All Defendants in Their Official Capacities

(173) Plaintiff repeats, realleges, and incorporates by reference paragraphs (146) through (172), as though fully set forth herein.

(174) Plaintiff alleges Defendants conspired under color of state law, motivated by racial animus, to deprive

her of First Amendment rights to freedom of speech and to petition the government for redress of grievances. The central acts of the conspiracy are Ann Kostek's unlawful practice of law, the knowing assistance and aiding and abetting of that unlawful practice, her illegal 26-page purported Position Statement, and her illegal representation of ten Respondents before the Massachusetts Commission Against Discrimination ("MCAD"). Defendants allegedly acted in concert to create, facilitate, recognize, maintain, and ultimately adjudicate legal defenses asserted through Kostek's unlawful practice of law for UMass Amherst and nine individual Respondents. Plaintiff alleges Defendants acted with racially discriminatory purpose to protect those ten Respondents while obstructing her petitions concerning racial segregation, sexual harassment, disability discrimination, and other civil rights violations. Defendants' conspiracy continues to obstruct Plaintiff's First Amendment rights to freedom of speech and to petition for redress of grievances. (*Griffin v. Breckenridge* (1971) 403 U.S. 88, 102-103; *Aulson v. Blanchard* (1st Cir. 1996) 83 F.3d 1, 3-4.)

(175) Plaintiff alleges the conspiracy is established through Defendants' connected acts, official communications, repeated recognition of the same illegal representation, and continued protection of its legal consequences after actual written notice. Espinosa excluded nine Respondents from the investigation without notice to Plaintiff. Attorney Jeremy M. Forgue knowingly assigned

the legal defense of all ten Respondents to Kostek, a nonlawyer under his direct supervision. Berthiaume purported to confer Duly Authorized Representative status upon Kostek without authorization from any Respondent. MCAD issued official notices falsely attributing Kostek's appointment to UMass Amherst. Kostek used the illegal appointment to practice law for ten Respondents through her 26-page illegal purported Position Statement. Lowy and Rucki permitted the University to maintain the illegal legal defense after receiving written notice. Berthiaume refused Plaintiff's demand to strike Kostek's illegal filing. Roberts then relied upon that very filing to issue her falsified September 14, 2026 "LACK OF JURISDICTION FINDING." George continues to maintain the resulting official disposition notwithstanding Plaintiff's documented objections. Plaintiff alleges the deliberate continuation of these connected acts supports an inference of an agreement among Defendants to preserve Kostek's unlawful practice of law and its legal benefits for ten Respondents while depriving Plaintiff of constitutional protections. (*Parker v. Landry* (1st Cir. 2019) 935 F.3d 9, 17-18.)

(176) Defendant Andrew Espinosa performed an overt act furthering the alleged conspiracy by illegally removing Michael A. Fox, Kerri Thompson Tillett, Karen Moré, Timothy A. Rucki, James "Jim" Barna, Shao Yu "Dora" Tseng, Jacqueline Deiana, Robert J. Skalbite, and Hannah Lydotes from Plaintiff's verified MCAD Complaint without providing Plaintiff written notice, individualized determinations, or

an opportunity to contest their removal. Two of the excluded Respondents are accused of sexual harassment in Plaintiff's verified Complaint. On August 17, 2026, Plaintiff filed formal objections demanding correction of the exclusions. [Sealed, Complainant's Objections and Emergency Motion, Aug. 17, 2026, Ex. 5.] On August 21, 2026, MCAD Clerk Theresa Lepore identified Espinosa as the official responsible for excluding the nine Respondents. Espinosa continues to maintain their exclusion while MCAD recognizes legal defenses Kostek illegally asserted for those same Respondents. His acts permit the nine Respondents to avoid individual participation in Plaintiff's investigation while retaining the benefit of Kostek's illegal representation.

(177) Defendant Andrew M. Berthiaume performed a second overt act by unlawfully granting nonlawyer Kostek Duly Authorized Representative status without authorization from any of the ten Respondents. On March 24, 2026, UMass Amherst employee Jeremy Forgue requested Kostek's designation as an alternate administrative point of contact. On March 25, 2026, Berthiaume confirmed the requested administrative designation. Neither communication appointed Kostek to practice law or represent any Respondent before MCAD. [Sealed, Supplemental Investigative File 2, pp. 7, 9, Ex. 4.] On June 15, 2026, Berthiaume nevertheless admitted, "I have reopened the task to submit the Position Statement. I have also added you onto the case as a Duly Authorized Representative." [*id.*,

p. 91.] Berthiaume thereby substituted his unilateral official act for an appointment by the Respondents themselves, enabling Kostek to undertake substantive legal representation of ten Respondents without their authorization.

(178) Berthiaume's illegal appointment produced two official MCAD notices falsely declaring that UMass Amherst appointed Kostek as Duly Authorized Representative. One notice stated, "UMASS-Amherst has appointed Ann Kostek to be their duly authorized representative ('DAR') in the above-referenced case." A second notice informed Kostek of the purported appointment by UMass Amherst. [Sealed, Supplemental Investigative File 2, pp. 88-89, Ex. 4.] Both notices contradicted Berthiaume's June 15, 2026 written admission that he personally added Kostek to the investigation as Duly Authorized Representative. The notices created a false official record of party authorization and enabled Kostek's unlawful practice of law to proceed under the appearance of lawful representation. Berthiaume continues to recognize his illegal appointment and the false notices, preserving the official act through which Kostek illegally represented ten Respondents.

(179) Defendant Ann Kostek used Berthiaume's illegal appointment to practice law through her 26-page illegal purported Position Statement filed on June 15, 2026, on behalf of ten Respondents. Kostek, a nonlawyer Human Resources employee, signed and affirmed the document under the pains and penalties of perjury, answered Plaintiff's

verified civil rights allegations, asserted factual and legal defenses for UMass Amherst and nine individual Respondents, reserved legal rights, and requested dismissal of Plaintiff's Complaint in its entirety. Her filing contained 44 responses addressing Plaintiff's allegations against the Respondents. No Respondent appointed Kostek to undertake legal representation, none of the ten Respondents signed or affirmed her purported Position Statement, and no attorney signed the filing. [Sealed, Ann Kostek's Position Statement, pp. 1-2, 25-26, Jun. 15, 2026, Ex. 3.] Plaintiff alleges Kostek's illegal representation violated General Laws chapter 221, § 46A. Kostek's unlawful practice of law was not incidental to the alleged conspiracy. It was the instrument through which factual and legal defenses were asserted for ten Respondents who had never authorized her representation, including nine Respondents Espinosa had already excluded from the investigation.

(180) Attorney Jeremy M. Forgue knowingly assigned UMass Amherst's legal defense and the legal defense of nine individual Respondents to nonlawyer Ann Kostek. Defendants David A. Lowy and Timothy A. Rucki knowingly assisted and aided and abetted Kostek's unlawful practice of law. Rucki had undertaken the University's legal representation concerning Plaintiff's civil rights allegations through his January 29 and January 30, 2024 communications with Plaintiff's former attorney. Lowy, as General Counsel and chief legal officer, subsequently permitted nonlawyer

Kostek to perform the University's formal legal defense before MCAD. Neither attorney signed or affirmed Kostek's June 15, 2026 illegal purported Position Statement. On September 18, 2026, Plaintiff's DAR served Lowy and Rucki with formal written notice identifying Kostek's unlawful practice of law, Berthiaume's illegal appointment, and Roberts's September 14, 2026 falsified Finding. Both attorneys continue to maintain the University's reliance upon Kostek's illegal 26-page purported Position Statement instead of withdrawing the legal defenses she asserted without authorization for ten Respondents. Plaintiff alleges their knowing assistance, despite actual notice of the illegal representation and its consequences, constitutes continuing participation in the conspiracy to preserve the benefits of Kostek's unlawful practice of law and obstruct Plaintiff's civil rights proceeding.

(181) Plaintiff directly challenged the unlawful practice of law and illegal representation before MCAD issued any investigative disposition. On August 17, 2026, Plaintiff filed formal objections addressing Espinosa's exclusion of nine Respondents, Berthiaume's illegal grant of Duly Authorized Representative status, and Kostek's unlawful practice of law. [Sealed, Complainant's Objections and Emergency Motion, Aug. 17, 2026, Ex. 5.] On August 25, 2026, Plaintiff filed her Emergency Motion to Strike Kostek's illegal 26-page purported Position Statement, expunge all filings made through her illegal representation, correct the official investigative record,

and bar her continued participation. Plaintiff addressed the Emergency Motion to George and Berthiaume and demanded corrective action before MCAD issued an investigative disposition. On August 26, 2026, Berthiaume rejected the requested relief, stating that Plaintiff's Emergency Motion was "DENIED at this time." [Sealed, MCAD Request Closed, Aug. 26, 2026.] Berthiaume's refusal preserved Kostek's illegal purported Position Statement for ten Respondents and permitted MCAD to continue relying upon the product of her unlawful practice of law notwithstanding Plaintiff's documented objections.

(182) On August 27, 2026, MCAD granted Plaintiff until September 26, 2026, at 5:00 p.m. Eastern Time to file her rebuttal concerning Ann Kostek's illegal participation in this case. MCAD's written notice confirmed, "This extension has been GRANTED." [Sealed, Supplemental Investigative File 2, p. 188, Ex. 4.] MCAD again confirmed the September 26, 2026 deadline on September 14, 2026. Plaintiff therefore retained an authorized opportunity to present her objections to Kostek's unlawful practice of law, illegal 26-page purported Position Statement, and illegal representation of ten Respondents before MCAD determined her civil rights claims. Defendant Roberts nevertheless issued her falsified "LACK OF JURISDICTION FINDING" on September 14, 2026, twelve days before expiration of Plaintiff's authorized rebuttal period.

(183) Defendant Lila L. Roberts's September 14, 2026 falsified "LACK OF JURISDICTION FINDING" constitutes the

pinnacle of the alleged conspiracy. Roberts, MCAD Chief of Investigations and an attorney, possessed access to Plaintiff's August 17, 2026 formal objections, August 25, 2026 Emergency Motion to Strike, and the investigative correspondence proving Berthiaume personally added Kostek as Duly Authorized Representative. Roberts nevertheless declared that UMass Amherst filed a Position Statement on June 15, 2026 and that MCAD reviewed "the Respondent's affirmed Position Statement." [Sealed, Lack of Jurisdiction Finding, p. 1, Sep. 14, 2026, Ex. 2.] Kostek alone signed and affirmed the illegal 26-page purported Position Statement, and no Respondent appointed her to provide legal representation. Roberts knowingly treated Kostek's unlawful practice of law and illegal representation of ten Respondents as the lawful legal defense of UMass Amherst, converting the product of Berthiaume's illegal appointment and Kostek's unlawful practice of law into an official act of the Commonwealth under color of state law.

(184) Roberts then unlawfully adjudicated the factual and legal defenses asserted in Kostek's illegal purported Position Statement while simultaneously declaring MCAD lacked jurisdiction to adjudicate Plaintiff's Complaint. Roberts determined that Stockbridge Stables was not a place of public accommodation, rejected Plaintiff's disability discrimination claim under the educational statutes discussed in her Finding, and declared Plaintiff's claims untimely under a purported six-month statute of

limitations. [Sealed, Lack of Jurisdiction Finding, p. 2, Sep. 14, 2026, Ex. 2.] Roberts was Chief of Investigations, not the Commissioner assigned the adjudicatory functions prescribed by General Laws chapter 151B, § 5. Plaintiff alleges Roberts deliberately used the falsified jurisdictional disposition to adjudicate Kostek's illegal defenses without first determining Kostek's authority to represent the ten Respondents and without permitting Plaintiff to complete her authorized rebuttal to Kostek's illegal participation. Roberts thereby transformed Kostek's unlawful practice of law into official findings adverse to Plaintiff and terminated the investigation through which Plaintiff sought redress for her civil rights allegations.

(185) Roberts's falsified "LACK OF JURISDICTION FINDING" accomplished the central objective of the alleged conspiracy: preventing Plaintiff from obtaining redress of grievances for her most serious allegations, including sexual harassment and disability discrimination. Espinosa's illegal removal of nine Respondents excluded individuals Plaintiff accused of sexual harassment. Forgue assigned the legal defense of all ten Respondents to nonlawyer Kostek. Berthiaume's illegal appointment enabled Kostek to assert legal defenses for those same individuals without their authorization. Lowy and Rucki continued to preserve the resulting unlawful representation. Roberts then adopted Kostek's illegal defenses, declared Plaintiff's disability discrimination claim unavailable

under the educational statutes she discussed, found Plaintiff's Complaint untimely, and terminated the investigation twelve days before Plaintiff's authorized rebuttal deadline. George continues to permit the resulting Finding to remain operative. Plaintiff alleges these connected acts protected UMass Amherst and the nine individual Respondents from the administrative claims asserted against them and deprived Plaintiff of meaningful access to redress for the alleged sexual harassment, disability discrimination, and other civil rights violations. This federal action challenges the continuing unconstitutional obstruction of Plaintiff's administrative proceeding, not the substantive merits of her underlying discrimination allegations.

(186) Defendant Sunila Thomas George, MCAD Chair and Commissioner, continues to maintain the operative result of the alleged conspiracy after receiving Plaintiff's formal objections and demands for corrective action. Plaintiff addressed her August 25, 2026 Emergency Motion to Strike directly to George and Berthiaume, demanding removal of Kostek's illegal 26-page purported Position Statement before MCAD issued any disposition. On September 23, 2026, Plaintiff filed her Notice of Preliminary Appeal addressed to George, identifying Espinosa's removal of nine Respondents, Berthiaume's illegal grant of Duly Authorized Representative status to Kostek, Kostek's unlawful practice of law and illegal representation of ten Respondents, and Roberts's September 14, 2026 falsified Finding. George

continues to permit MCAD to recognize Berthiaume's illegal appointment, the false official DAR notices, Kostek's illegal purported Position Statement, and Roberts's falsified Finding. Plaintiff alleges George's continued maintenance of the challenged official record, despite actual notice of the connected unlawful acts, preserves the result of the alleged conspiracy and perpetuates Plaintiff's constitutional injuries.

(187) Plaintiff alleges the conspiracy's existence and common objective are further demonstrated by the contradictions Defendants knowingly created and preserved within one official MCAD investigation. Espinosa excluded nine Respondents, yet MCAD accepted Kostek's legal defenses for those same nine individuals. UMass Amherst requested only an alternate administrative point of contact, yet Berthiaume illegally granted Kostek Duly Authorized Representative status. Berthiaume admitted personally adding Kostek to the case, yet MCAD issued official notices falsely declaring UMass Amherst appointed her. None of the ten Respondents authorized Kostek to practice law, yet MCAD accepted her illegal 26-page purported Position Statement as their legal defense. Plaintiff demanded the filing be stricken before disposition, yet Berthiaume denied her Emergency Motion. MCAD granted Plaintiff through September 26, 2026 to challenge Kostek's illegal participation, yet Roberts terminated the investigation on September 14, 2026 by adopting Kostek's legal defenses. Defendants continue to maintain the resulting official record despite repeated

written notice. Plaintiff alleges these particular connected acts and their consistent benefit to the same ten Respondents support a reasonable inference of an agreement to preserve Kostek's unlawful practice of law and use its consequences to deprive Plaintiff of constitutional rights.

(188) Plaintiff alleges Defendants' conspiracy was motivated by racially discriminatory purpose against her as a Black woman who filed verified allegations of racial segregation, disability discrimination, sexual harassment, and retaliation by UMass Amherst personnel. Plaintiff relies upon Defendants' knowledge of her race and allegations, Espinosa's undisclosed exclusion of nine Respondents, Berthiaume's illegal creation of Kostek's purported legal authority, the false official appointment notices, acceptance of Kostek's illegal representation of ten Respondents, rejection of Plaintiff's written objections, Roberts's premature adoption of Kostek's legal defenses, and Defendants' continuing preservation of the falsified Finding as circumstances supporting the alleged racially discriminatory purpose. Plaintiff alleges the coordinated protection of the ten Respondents and intentional obstruction of her petitions reflected discriminatory purpose, not merely unrelated administrative mistakes. Departures from established procedures, the timing of official decisions, and the circumstances preceding those decisions constitute evidence bearing upon discriminatory intent. (*Village of Arlington Heights v. Metropolitan Housing Development Corp.* (1977) 429 U.S. 252,

265-268.)

(189) Defendants' deliberate indifference further demonstrates their knowing continuation of the alleged conspiracy after receiving actual notice of the constitutional deprivations resulting from their own official acts. Espinosa continues to exclude nine Respondents; Berthiaume continues to recognize his illegal grant of Duly Authorized Representative status and MCAD's false appointment notices; Kostek continues to retain the benefit of her unlawful practice of law and illegal representation of ten Respondents; Forgue continues to permit Kostek's illegal representation of ten Respondents; Lowy and Rucki continue to maintain the University's legal defense through Kostek's illegal 26-page purported Position Statement; Roberts continues to maintain her falsified September 14, 2026 Finding; and George continues to permit MCAD to give official effect to the challenged record. Plaintiff's August 17, 2026 formal objections, August 25, 2026 Emergency Motion to Strike, September 18, 2026 written notice to University counsel, and September 23, 2026 Notice of Preliminary Appeal identified the unlawful acts and demanded corrective action. Defendants nevertheless continue the specific conduct Plaintiff challenged, preserving the benefit of Kostek's illegal representation and the resulting adverse administrative disposition. Plaintiff alleges their actual knowledge, repeated refusal to correct the identified acts, and continuing participation despite imminent injury provide further

circumstantial evidence of the alleged common purpose to deprive Plaintiff of her constitutional rights.

**FOURTH CAUSE OF ACTION**
**CONSPIRACY TO DEPRIVE PLAINTIFF OF FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS**
**42 U.S.C. § 1985(3)**
**Against All Defendants in Their Official Capacities**

(190) Plaintiff repeats, realleges, and incorporates paragraphs (173) through (189, as though fully set forth herein.

(191) Defendants conspired under color of state law, motivated by racial animus against Plaintiff as a Black woman, to deprive her of Fourteenth Amendment due process and equal protection of the laws. Espinosa secretly expunged nine Respondents without notice or an opportunity to oppose. Forgue assigned the legal defense of ten Respondents to nonlawyer Kostek. Berthiaume illegally appointed Kostek as DAR and caused MCAD to issue false official appointment notices. Kostek illegally represented ten Respondents. Lowy and Rucki continue to permit her illegal representation. Roberts adopted Kostek's illegal purported Position Statement and terminated Plaintiff's investigation before her authorized rebuttal deadline. George refuses to vacate the unlawful acts after receiving Plaintiff's September 23, 2026 Notice of Preliminary Appeal. Defendants' conspiracy denies Plaintiff due process and intentionally protects ten Respondents from her civil rights claims because she is Black. (*United Brotherhood of*

*Carpenters & Joiners of America, Local 610 v. Scott* (1983) 463 U.S. 825, 830-835.)

(192) On October 22, 2026, MCAD issued its official Case Portal task entitled "File Preliminary Appeal Documentation," requiring Plaintiff to submit a written explanation challenging Roberts's September 14, 2026 Finding by October 26, 2026, at 5:00 p.m. MCAD acknowledged Plaintiff's prior appeal but warned, "If you do not submit a written appeal within 14 days, your case will be closed." [MCAD Case Task, File Preliminary Appeal Documentation, Oct. 22, 2026, Ex. 10.] The alleged conspiracy therefore continues to produce immediate injury. Defendants maintain Kostek's illegal 26-page purported Position Statement and Roberts's falsified Finding while requiring Plaintiff to appeal the resulting adverse determinations or face closure of her timely filed civil rights proceeding. The October 26, 2026 deadline threatens to complete the alleged conspiracy's objective by terminating Plaintiff's opportunity to pursue redress for her sexual harassment, disability discrimination, and other civil rights claims through the proceeding she timely commenced.

(193) Unless immediately restrained, Defendants will continue to maintain Kostek's unlawful practice of law, illegal 26-page purported Position Statement, and illegal representation of ten Respondents; preserve Berthiaume's illegal appointment and the false official DAR notices; give continuing effect to Roberts's falsified September 14, 2026

Finding; and enforce the October 26, 2026 deadline threatening closure of Plaintiff's civil rights proceeding. Plaintiff faces immediate, continuing, and irreparable injury to her Fourteenth Amendment rights to due process of law and equal protection of the laws. Plaintiff therefore seeks a temporary restraining order under Federal Rule of Civil Procedure 65(b) preserving the status quo, restraining further official reliance upon Kostek's illegal representation and Roberts's challenged Finding, and preventing enforcement of the October 26, 2026 deadline or adverse consequences arising from its expiration pending adjudication of her motion for a preliminary injunction under Rule 65(a). Plaintiff further seeks permanent prospective injunctive relief under 42 U.S.C. § 1983 prohibiting Defendants' continuing constitutional violations.

---oo0oo---

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JANE DOE respectfully requests that this Court enter judgment in her favor and grant the following prospective injunctive relief against Defendants DAVID A. LOWY, TIMOTHY A. RUCKI, JEREMY M. FORGUE, ANN KOSTEK, SUNILA THOMAS GEORGE, ANDREW ESPINOSA, ANDREW M. BERTHIAUME, and LILA L. ROBERTS, exclusively in their official capacities:

### A. Temporary Restraining Order – Federal Rule Of Civil Procedure 65(b)

Issue an immediate Temporary Restraining Order preserving the status quo pending adjudication of

Plaintiff's motion for a preliminary injunction, restraining Defendants and persons acting in concert with them who receive actual notice of the Order from:

1. Continuing to recognize, rely upon, adopt, or give official effect to Ann Kostek's unlawful practice of law, her illegal 26-page purported Position Statement filed on June 15, 2026, or her illegal representation of UMass Amherst and nine individual Respondents in MCAD Docket No. 25SPA02929;
2. Continuing to recognize or give official effect to Berthiaume's June 15, 2026 illegal grant of Duly Authorized Representative status to Kostek or the two official MCAD notices falsely declaring that UMass Amherst appointed Kostek as Duly Authorized Representative;
3. Implementing, enforcing, relying upon, or giving further effect to Roberts's September 14, 2026 purported "LACK OF JURISDICTION FINDING," including its adverse factual and legal determinations derived from Kostek's illegal purported Position Statement;
4. Enforcing the October 26, 2026, 5:00 p.m. Eastern Time deadline to submit preliminary appeal documentation, closing Plaintiff's MCAD proceeding for failure to meet that deadline, or imposing any forfeiture, waiver, dismissal, or other adverse consequence arising from Plaintiff's failure to appeal Roberts's challenged Finding during the period of injunctive protection;
5. Altering, deleting, destroying, concealing, or

otherwise compromising the original MCAD investigative record, including the records of Espinosa's exclusion of nine Respondents, Berthiaume's appointment of Kostek, the false official appointment notices, Kostek's illegal 26-page purported Position Statement, Plaintiff's formal objections and emergency motions, Roberts's September 14, 2026 Finding, and the MCAD Portal records and audit histories; and

6. Further publicly disseminating Plaintiff's confidential disability-related medical information contained in Roberts's September 14, 2026 Finding, pending determination of Plaintiff's request for prospective protection of that information.

Plaintiff requests that the Temporary Restraining Order preserve her August 12, 2025 original MCAD filing date, her pending administrative claims, and her opportunity to challenge the illegal exclusion of nine individual Respondents without compelling her to appeal the challenged Finding before the Court considers preliminary injunctive relief.

**B. <u>Preliminary Injunction – Federal Rule Of Civil Procedure 65(a)</u>**

Set Plaintiff's motion for preliminary injunction for expedited hearing and, following that hearing, issue a Preliminary Injunction maintaining the protections identified in Paragraph A during the pendency of this federal action or until further order of the Court.

Plaintiff further requests an order preventing Defendants from requiring her to prosecute an

administrative appeal of Roberts's September 14, 2026 Finding while Defendants continue to recognize the illegal representation, illegal purported Position Statement, and unlawful official acts Plaintiff challenges in this action.

### C. **Permanent Prospective Injunctive Relief – 42 U.S.C. § 1983**

Following adjudication of Plaintiff's federal constitutional claims, permanently enjoin Defendants from continuing the unconstitutional acts established in this action and direct the responsible officials, within their respective official authority, to:

1. Cease recognizing Ann Kostek as lawfully appointed Duly Authorized Representative for UMass Amherst or any of the nine individual Respondents absent valid authorization and compliance with applicable law;
2. Cease giving official legal effect to Kostek's illegal 26-page purported Position Statement filed on June 15, 2026, and any other legal submissions filed through the unlawful representation established in this action;
3. Correct the official MCAD record to eliminate continuing reliance upon Berthiaume's illegal appointment of Kostek and the two false official notices attributing that appointment to UMass Amherst;
4. Cease enforcing or relying upon Roberts's September 14, 2026 falsified "LACK OF JURISDICTION FINDING" insofar as its continuing operation deprives Plaintiff of her First Amendment right to petition and Fourteenth Amendment rights to due process and equal protection of

the laws;

5. Restore Plaintiff's meaningful opportunity to challenge Espinosa's exclusion of the nine individual Respondents, including the individuals accused of sexual harassment, before any further adverse disposition affecting her timely filed claims;
6. Preserve Plaintiff's original August 12, 2025 MCAD filing date and protect her timely filed claims against forfeiture or administrative closure resulting from the federal constitutional violations established in this action;
7. Afford Plaintiff a meaningful opportunity to be heard concerning Ann Kostek's unlawful practice of law, her illegal representation of ten Respondents, and the official MCAD acts giving effect to her illegal purported Position Statement before any further adverse disposition based upon that filing; and
8. Prevent further public dissemination of Plaintiff's confidential disability-related medical information through the challenged Finding, while preserving the complete original record under appropriate confidentiality protections.

**D. Preservation Of Evidence**

Order Defendants to preserve the complete MCAD investigative record in Docket No. 25SPA02929, including all original filings, appointment requests, appointment notices, electronic communications, Portal entries, administrative task histories, access logs, document

revisions, and records identifying the officials who created, modified, approved, transmitted, or relied upon the challenged documents.

Any correction to the operative administrative record shall preserve the original documents and associated electronic evidence for judicial review.

### E. Preservation Of Plaintiff's Right To Pursue Her Underlying Claims

Order such prospective relief as is necessary to prevent Defendants' continuing federal constitutional violations from extinguishing Plaintiff's timely filed administrative claims or forcing her to commence a new proceeding because of the unlawful acts challenged herein.

Plaintiff does not request adjudication of the underlying merits of her racial discrimination, sexual harassment, disability discrimination, retaliation, or other civil rights allegations in this action. Plaintiff seeks protection of her constitutional right to pursue redress for those allegations without continuing obstruction through Kostek's unlawful practice of law, illegal representation of ten Respondents, and the official acts resulting from that representation.

### F. Security Under Federal Rule Of Civil Procedure 65(c)

Set security in a nominal amount or dispense with security to the extent permitted by law, upon consideration of Plaintiff's circumstances, the constitutional rights at issue, and the nature of the requested temporary

preservation of the administrative proceeding.

**G. Further Prospective Equitable Relief**

Grant such additional prospective equitable relief as the Court determines necessary and appropriate to prevent Defendants' continuing deprivation of Plaintiff's rights secured by the First and Fourteenth Amendments to the United States Constitution.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES

Dated: October 26, 2026

Respectfully submitted,

Jane Doe

Jane Doe, Plaintiff
Original Signature on File

# VERIFICATION

I, Jane Doe, declare that I am over the age of 18, am a party in the above-entitled action; and if called as a witness, could and would competently testify to the matters set forth herein which are within my personal knowledge.

1. I have read the foregoing **VERIFIED COMPLAINT FOR PROSPECTIVE INJUNCTIVE RELIEF FROM ONGOING DEPRIVATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW**, and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of The United States of America that the foregoing is true and correct.

Dated: October 26, 2026

Respectfully submitted,

Jane Doe

Jane Doe, Plaintiff
Original Signature on File